Filing # 192184233 E-Filed 02/18/2024 02:36:58 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY, FLORIDA

**MICHAEL ALPUIN, and**
**KAYLA MUTUNHU,**

      **Plaintiffs,**

                            **Case No:**

v.

**WATERVUE PARTNERS, LLC,**
**NATIONAL CREDIT SYSTEMS, INC.,**    **DEMAND FOR JURY TRIAL**
**TRANSWORLD SYSTEMS INC.,**
**EQUIFAX INFORMATION**
**SERVICES LLC, EXPERIAN**
**INFORMATION SOLUTIONS,**
**INC., and TRANS UNION LLC,**

      **Defendants.**
_____/

## PLAINTIFFS' COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COME NOW**, Plaintiffs, **MICHAEL ALPUIN and KAYLA MUTUNHU** ("Mr. Alpuin

and Ms. Mutunhu" or "Plaintiffs"), by and through the undersigned counsel, and hereby sue and

files this Complaint against Defendants, **WATERVUE PARTNERS, LLC** ("Defendant

Watervue"), **TRANSWORLD SYSTEMS INC.** ("Defendant Transworld Systems"),

**NATIONAL CREDIT SYSTEMS, INC.** ("Defendant National Credit Systems"), **EQUIFAX**

**INFORMATION SERVICES LLC** ("Defendant Equifax"), **EXPERIAN INFORMATION**

**SOLUTIONS, INC.** ("Defendant Experian"), and **TRANS UNION LLC** ("Defendant Trans

Union") (all collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.    This action arises out of Defendants' willful violations of the Fair Credit Reporting

Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA"). Specifically, Defendant Transworld Systems and

Defendant National Credit Systems failed to conduct a proper investigation of Mr. Alpuin and Ms. Mutunhu's disputes by not reviewing all relevant information provided by the consumer reporting agencies, not directing the consumer reporting agencies to delete the inaccurate information, and willfully continuing to furnish false and inaccurate information regarding the relevant account.

2.      Defendant Equifax, Defendant Experian, and Defendant Trans Union failed to maintain and follow reasonable procedures to assure maximum possible accuracy of the information reported to third parties regarding Mr. Alpuin and Ms. Mutunhu, and also failed to follow the requirements set forth to handle cases of disputed accuracy when processing Mr. Alpuin and Ms. Mutunhu's disputes of the relevant account.

3.      Defendants' actions have directly and proximately caused Mr. Alpuin and Ms. Mutunhu's credit score to decrease significantly and damaged Mr. Alpuin and Ms. Mutunhu's ability to obtain new credit due to Defendants' furnishing and reporting of inaccurate information in their consumer credit reports.

4.      This action also arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant Watervue's, Defendant Transworld Systems', and Defendant National Credit Systems' violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA"), by knowingly misrepresenting the amount and legal status of such alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu after Defendants had confirmed that Mr. Alpuin and Ms. Mutunhu owed no such debt, which can reasonably be expected to harass Mr. Alpuin and Ms. Mutunhu.

### *Jurisdiction and Venue*

5.      This is an action for damages that exceeds Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorney's fees.

6.      Jurisdiction is proper in the State of Florida where the Defendants conduct business in the State of Florida.

7.      Jurisdiction of this Court also arises where Defendants' tortious activity under the FCRA occurred in the State of Florida.

8.      Venue is proper in Seminole County, Florida, where this tortious cause of action accrued in Seminole County.

9.      Venue is proper in Seminole County, Florida, where this tortious cause of action accrued in Seminole County.

10.     Venue is also proper in Seminole County, Florida as a substantial part of the events or omissions giving rise to the claims occurred in this County.

### *Parties*

11.     Plaintiff, Mr. Alpuin, was and is a natural person and, at all times material hereto, is an adult, a resident of Seminole County, Florida, and a "debtor" and/or a "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3) and 15 U.S.C. §1681a (c).

12.     Plaintiff, Ms. Mutunhu, was and is a natural person and, at all times material hereto, is an adult, a resident of Seminole County, Florida, and a "debtor" and/or a "consumer" as defined by Fla. Stat. § 559.55(8) and/or 15 U.S.C. § 1692a(3) and 15 U.S.C. §1681a (c).

13.     At all times material hereto, Defendant Watervue was and is a business with its principal place of business in the state of FL, and its registered agent, CLARK & ALBAUGH PLLC, located at 1800 Town Plaza Court, Winter Springs, FL 32708.

14.     At all times material hereto, Defendant Transworld Systems was and is a business with its principal place of business in the state of PA, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

15.     At all times material hereto, Defendant National Credit Systems was and is a business with its principal place of business in the state of GA, and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

16.     At all times material hereto, consumer reporting agency, Defendant Equifax, was and is a company with its principal place of business in the state of GA, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

17.     At all times material hereto, consumer reporting agency, Defendant Experian, was and is a company with its principal place of business in the state of CA and its registered agent, CT CORPORATION SYSTEM, located at 1200 South Pine Island Rd., Plantation, FL 33324.

18.     At all times material hereto, consumer reporting agency, Defendant Trans Union, was and is a company with its principal place of business in the state of IL, and its registered agent, CORPORATION SERVICE COMPANY, located at 1201 Hays Street, Tallahassee, FL 32301.

### *Statements of Fact*

19.     On or around July 22, 2021, Mr. Alpuin and Ms. Mutunhu submitted an application ("Application") for a 2 bedroom/2 bathroom apartment lease for their personal use at Defendant Watervue's apartment complex named Watervue at Longwood Apartments ("Watervue").

20.     Mr. Alpuin and Ms. Mutunhu agreed to pay a holding fee to have the 2 bedroom/2 bathroom apartment reserved pending Watervue's approval of the Application.

21.     On July 23, 2021, Defendant Watervue notified Mr. Alpuin via email that the application was approved. *See* **Exhibit A, p. 3.**

22.     In that same July 23, 2021 email, however, Defendant Watervue notified Mr. Alpuin that Mr. Alpuin faced a 3-5 month wait for the 2 bedroom/2 bathroom apartment. *See* **Exhibit A, p. 3.**

23.     On that same day, July 23, 2021, Mr. Alpuin emailed Defendant Watervue back and notified Defendant Watervue that his move-in date was not flexible, that he had paid the holding fee to avoid the 3-5 month wait, and requested a full refund of the application and holding fee. *See* **Exhibit A, p. 3.**

24.     Without a response from Defendant Watervue to his July 23, 2021 refund request, on July 26, 2021, Mr. Alpuin was shocked to notice that Defendant Watervue removed funds from his bank account for the holding fee and application fee. Mr. Alpuin contacted Watervue immediately. *See* **Exhibit A, pp. 2-3.**

25.     Mr. Alpuin's July 26, 2021 email also requested that Defendant Watervue confirm that Watervue received his request for refund. *See* **Exhibit A, pp. 2-3.**

26.     That same day, Defendant Watervue responded to Mr. Alpuin and confirmed that Defendant Watervue would put in a request for the full refund, which would take 30-45 business days. *See* **Exhibit A, p. 2.**

27.     Accordingly, as of July 26, 2021 neither Mr. Alpuin nor Ms. Mutunhu owed any balances to Defendant Watervue related to the Application or any related account.

28.     As of July 26, 2021, Defendant Watervue knew that neither Mr. Alpuin nor Ms. Mutunhu owed any balances to Defendant Watervue related to the Application or any related account.

29.     In the abundance of caution, Mr. Alpuin put a stop payment on the payments to Defendant Watervue.

30.     Mr. Alpuin and Ms. Mutunhu thought their dealings with Defendant Watervue, the Application, and the balances owed related to the failed apartment lease were done at that point.

31.     Mr. Alpuin and Ms. Mutunhu were wrong—nearly one year later, in or around May of 2022, Mr. Alpuin received a letter in connection with the collection of an alleged debt owed to Defendant Watervue in the amount of $550.00 ("Debt").

32.     On or around May 12, 2022, Mr. Alpuin filed a complaint against Defendant Watervue with the Orange County Consumer Protection Office. *See* **Exhibit B.**

33.     That same day, on or around May 13, 2022, Mr. Alpuin filed a complaint against Defendant Watervue with the Better Business Bureau. *See* **Exhibit C.**

34.     Also on that same day, the Orange County Consumer Protection Office mailed a copy of Mr. Alpuin's complaint to Defendant Watervue's property manager, ConcordRents.

35.     When the Orange County Consumer Protection Office did not receive a response from Defendant Watervue, on or around June 23, 2022, the Orange County Consumer Protection Office sent another letter to Defendant Watervue's property manager, ConcordRents, requesting a response. *See* **Exhibit D.**

36.     On or around June 29, 2022, Defendant Watervue sent a reply to the Orange County Consumer Protection Office that confirmed Defendant Watervue had allegedly responded to Mr. Alpuin's Better Business Bureau complaint online by offering to settle the alleged Debt for $170. *See* **Exhibit E.**

37.     Defendant Watervue's June 29, 2022 correspondence also confirmed that Defendant Watervue was proceeding with collection of the illegitimate Debt. *See* **Exhibit E.**

38.     On or around June 30, 2022, the Orange County Consumer Protection Office sent Mr. Alpuin a letter to confirm that the Office could not arrange a mutually agreeable solution between Mr. Alpuin and Defendant Watervue. *See* **Exhibit F.**

39.     Under information and belief, Defendant Watervue then sold, assigned, or transferred the illegitimate Debt to Defendant National Credit Systems for collection purposes.

40.     The alleged Debt was in default status at the time it was sold, assigned, or transferred to Defendant National Credit Systems for collection purposes.

41.     In or around July of 2022, Defendant National Credit Systems sent a letter to Mr. Alpuin in connection with the collection of the illegitimate Debt. *See* **Exhibit G.**

42.     On or around August 23, 2022, Mr. Alpuin mailed a written dispute to Defendant National Credit Systems disputing the Debt via certified mail with return receipt requested. *See* **Exhibit H.**

43.     On or around August 23, 2022, Ms. Mutunhu also mailed a written dispute to Defendant National Credit Systems disputing the Debt via certified mail with return receipt requested. *See* **Exhibit I.**

44.     On or around September 1, 2022, Defendant National Credit Systems received Mr. Alpuin's dispute.

45.     On or around September 9, 2022, Defendant National Credit Systems sent a letter in response to Mr. Alpuin's dispute on behalf of Defendant Watervue. *See* **Exhibit J.**

46.     Defendant National Credit Systems' September 9, 2022 letter confirmed that it had "yet to find sufficient evidence to validate [Mr. Alpuin's] claims." *See* **Exhibit J.**

47.     To support its baseless findings, Defendant National Credit Systems attached an itemized invoice from Defendant Watervue. *See* **Exhibit J.**

48.     Defendant Watervue's invoice attached to Defendant National Credit Systems' letter showed $0.00 in itemized charges, $0.00 in payments/credits, $0.00 in deposits applied, and

a $550.00 amount owed with absolutely no support as to how that amount was calculated. *See* **Exhibit J.**

49.     Accordingly, as of at least September 9, 2022, Defendant National Credit Systems knew the illegitimate Debt was, indeed, illegitimate.

50.     On or around September 12, 2022, Defendant National Credit Systems sent a response to Ms. Mutunhu's dispute letter on behalf of Defendant Watervue. *See* **Exhibit K.**

51.     Defendant National Credit Systems again confirmed that it had "yet to find sufficient evidence to validate [Ms. Mutunhu's] claims." *See* **Exhibit K.**

52.     Defendant National Credit Systems attached a different itemized invoice to its September 12, 2022 letter. *See* **Exhibit K.**

53.     Indeed, Defendant National Credit Systems attached Defendant Watervue's itemized invoice that showed a lease date from August 13, 2021 through August 12, 2021 when Mr. Alpuin and Ms. Mutunhu had canceled their application and requested a full refund on July 26, 2021. *See* **Exhibit K.**

54.     Moreover, Defendant Watervue's invoice showed an application fee, holding fee, returned check charges, and a cancellation fee that comprised the alleged $550.00 balance. *See* **Exhibit K.**

55.     However, Defendant Watervue had promised Mr. Alpuin and Ms. Mutunhu a full refund of the application fee and holding fee.

56.     Moreover, Defendant Watervue had no basis in law or contract to charge Mr. Alpuin and Ms. Mutunhu a cancellation fee.

57.     Accordingly, as of September 12, 2022, Defendant National Credit Systems knew that the illegitimate Debt was, indeed, illegitimate for a second time.

58.     Under information and belief, Defendant Watervue then sold, assigned, or transferred the illegitimate Debt to Defendant Transworld Systems for collection purposes.

59.     The Debt was in default status at the time it was sold, assigned, or transferred to Defendant Transworld Systems for collection purposes.

60.     Sometime thereafter, Defendant Transworld Systems sent a letter to Mr. Alpuin in connection with the collection of the illegitimate Debt.

61.     In response, Mr. Alpuin mailed a written dispute to Defendant Transworld Systems disputing the Debt.

62.     On or around October 17, 2022, Defendant Transworld Systems sent a letter in response to Mr. Alpuin's dispute on behalf of Defendant Watervue. *See* **Exhibit L.**

63.     Defendant Transworld Systems' October 17, 2022 letter attached the same itemized invoice from Defendant Watervue that had been attached to Defendant National Credit Systems' September 12, 2022 letter to Ms. Mutunhu. *See* **Exhibit L.**

64.     That itemized invoice had the same inaccuracies and misrepresentations as the itemized invoice attached to Defendant National Credit Systems' September 12, 2022 letter to Ms. Muntunhu. *Compare* **Exhibit K and Exhibit L.**

65.     In its October 17, 2022 letter, Defendant Transworld Systems confirmed it would contact the credit bureaus to list the subject account in "disputed status," which inherently meant that Defendant Transworld Systems would not be deleting its improper credit reporting of the illegitimate Debt. *See* **Exhibit L.**

66.     Accordingly, as of October 17, 2022, Defendant National Credit Systems knew that the illegitimate Debt was, indeed, illegitimate.

67.   Despite Defendants Watervue's, Transworld Systems', and National Credit Systems', actual knowledge that Mr. Alpuin and Ms. Mutunhu had cancelled the subject account and that they should not owe any balance under the subject account, Defendant Transworld Systems and Defendant National Credit Systems both continued to furnish inaccurate negative credit information that the Account still had an outstanding balance owed by Mr. Alpuin and Ms. Muntunhu and was in delinquent/charged-off status.

68.   On or around March 24, 2023, Mr. Alpuin sent a dispute letter to Defendants Equifax, Experian and Trans Union regarding Defendants Transworld Systems' and National Credit Systems' improper reporting of the Account as delinquent and with an outstanding balance owed, and requested that Defendants Equifax, Experian and Trans Union fix the improper credit reporting. *See* **Composite Exhibit M.**

69.   Mr. Alpuin's dispute to Defendants Equifax, Experian and Trans Union provided all relevant information regarding Mr. Alpuin and the Account.

70.   The relevant information contained in the disputes included Mr. Alpuin's full contact information, personally identifying information, a clear description of the Account in the consumer credit reports that Mr. Alpuin was disputing, a request that the credit bureaus reinvestigate and correct the inaccuracy, an explanation of why Mr. Alpuin was disputing the inaccuracy, and an identification of the Account by the unique account number. *See* **Composite Exhibit M.**

71.   On or around March 27, 2023, Ms. Mutunhu sent a dispute letter to Defendants Equifax, Experian and Trans Union regarding Defendants Transworld Systems' and National Credit Systems' improper reporting of the Account as delinquent and with an outstanding balance

owed, and requested that Defendants Equifax, Experian and Trans Union fix the improper credit reporting. *See* **Composite Exhibit N.**

72.     Ms. Mutunhu's dispute to Defendants Equifax, Experian and Trans Union provided all relevant information regarding Ms. Mutunhu and the Account.

73.     The relevant information contained in the disputes included Ms. Mutunhu's full contact information, personally identifying information, a clear description of the Account in the consumer credit reports that Ms. Mutunhu was disputing, a request that the credit bureaus reinvestigate and correct the inaccuracy, an explanation of why Ms. Mutunhu was disputing the inaccuracy, and an identification of the Account by the unique account number. *See* **Composite Exhibit N.**

74.     Under information and belief, Defendants Equifax, Experian and Trans Union provided all relevant information and a notice of the dispute to Defendants Transworld Systems and National Credit Systems upon Defendants Equifax, Experian and Trans Union's receipt of the same.

75.     On April 6, 2023, Defendant Trans Union confirmed in a letter to Mr. Alpuin that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Mr. Alpuin's dispute. *See* **Exhibit O.**

76.     On April 6, 2023, Defendant Equifax confirmed in a letter to Ms. Muntuhu that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Ms. Muntuhu's dispute. *See* **Exhibit P.**

77.     On April 19, 2023, Defendant Experian confirmed in a letter to Mr. Alpuin that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Mr. Alpuin's dispute. *See* **Exhibit Q.**

78.     In the same day, on April 19, 2023, Defendant Experian confirmed in a letter to Ms. Muntuhu that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Ms. Muntuhu's dispute. *See* **Exhibit R.**

79.     On April 24, 2023, Defendant Equifax confirmed in a letter to Mr. Alpuin that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Mr. Alpuin's dispute. *See* **Exhibit S.**

80.     On May 9, 2023, Defendant Trans Union confirmed in a letter to Ms. Mutunhu that it refused to correct Defendants Transworld Systems' and National Credit Systems' improper credit reporting in response to Ms. Mutunhu's dispute. *See* **Exhibit T.**

81.     Under information and belief, Defendants Transworld Systems and National Credit Systems failed to conduct a reasonable investigation of Mr. Alpuin and Ms. Mutunhu's disputes and continued to incorrectly report to the consumer reporting agencies that Mr. Alpuin and Ms. Muntuhu had delinquent payment history and an outstanding past-due balance owed on the Account when such Account had previously been satisfied.

82.     Defendant Credit Reporting Agencies failed and refused, and continue to fail and refuse, to conduct a proper and reasonable investigation of Mr. Alpuin and Ms. Mutunhu's dispute regarding the Account and to correct the inaccuracies from Mr. Alpuin and Ms. Muntuhu's consumer report.

83.     Defendant Credit Reporting Agencies provided and continue to provide Mr. Alpuin and Ms. Muntuhu's consumer report containing erroneous information to third parties, who then use such reports to make creditworthiness determinations about them.

84.     Defendant Credit Reporting Agencies have actual knowledge of the inaccuracies as reported on the Account as provided by Mr. Alpuin and Ms. Muntuhu's Equifax, Experian and Trans Union disputes.

85.     As a direct and proximate result of Defendants' actions or inactions regarding the Account, Mr. Alpuin and Ms. Muntuhu's credit score has dropped significantly.

86.     Accordingly, Mr. Alpuin and Ms. Muntuhu's current credit standing with legitimate creditors has been adversely affected by Defendant Credit Reporting Agencies' continued inaccurate reporting of the Account and Defendants Transworld Systems' and National Credit Systems' continued furnishing of inaccurate information.

87.     Due to the improper credit reporting of the Account, on May 16, 2023, Mr. Alpuin and Ms. Muntuhu's credit score dropped significantly and directly and proximately resulted in the denial of Mr. Alpuin and Ms. Muntuhu's application for an American Express credit card.

### *Count 1: Violation of the Florida Consumer Collection Practices Act ("FCCPA")* *(as against Defendant National Credit Systems)*

88.     Mr. Alpuín re-alleges paragraphs 1-87 and incorporates the same herein by reference.

89.     Defendant National Credit Systems violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

90.     As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

91.     Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

92.     Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

93.     Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

94.      Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

95.     It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

96.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant National Credit Systems as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Defendant Transworld Systems)*

97.     Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

98.     Defendant Transworld Systems violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

99.     As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

100.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

101.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

102.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

103.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

104.    It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

105.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant Transworld Systems as follows:

  a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

  b.   Awarding actual damages;

  c.   Awarding costs and attorneys' fees;

  d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

  e.   Any other and further relief as this Court deems just and equitable.

### Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Defendant Watervue)

106.   Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

107.   At all times material hereto, Defendant Watervue was and is vicariously and/or directly liable for the actions of Defendant National Credit Systems.

108.   Defendant National Credit Systems violated the FCCPA.  Defendant National Credit Systems' violations include, but are not limited to, the following:

  a.   Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

109.   At all times material hereto, Defendant Watervue was and is vicariously and/or directly liable for the actions of Defendant Transworld Systems.

110. Defendant Transworld Systems violated the FCCPA. Defendant Transworld Systems' violations include, but are not limited to, the following:

    a. Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

111. As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

112. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

113. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

114. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

115. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

116. It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

117. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant Watervue as follows:

    a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees;

    d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.  Any other and further relief as this Court deems just and equitable.

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Defendant National Credit Systems)*

118.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

119.    Defendant National Credit Systems violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

120.    As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

121.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

122.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

123.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

124.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

125.    It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

126.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant National Credit Systems as follows:

a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.    Awarding actual damages;

c.    Awarding costs and attorneys' fees;

d.    Ordering an injunction preventing further wrongful contact by the Defendant; and

e.    Any other and further relief as this Court deems just and equitable.

### *Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Defendant Transworld Systems)*

127.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

128.    Defendant Transworld Systems violated the FCCPA.    Defendant's violations include, but are not limited to, the following:

a.    Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

129.    As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

130.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

131.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

132.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

133.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

134.    It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

135.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant National Credit Systems as follows:

a.    Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.    Awarding actual damages;

c.    Awarding costs and attorneys' fees;

d.    Ordering an injunction preventing further wrongful contact by the Defendant; and

e.    Any other and further relief as this Court deems just and equitable.

## *Count 6: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*
## *(as against Defendant Watervue)*

136.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

137.    At all times material hereto, Defendant Watervue was and is vicariously and/or directly liable for the actions of Defendant National Credit Systems.

138.    Defendant National Credit Systems violated the FCCPA.  Defendant National Credit Systems' violations include, but are not limited to, the following:

   a.  Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

139.    At all times material hereto, Defendant Watervue was and is vicariously and/or directly liable for the actions of Defendant Transworld Systems.

140.    Defendant Transworld Systems violated the FCCPA.  Defendant Transworld Systems' violations include, but are not limited to, the following:

   a.  Defendant violated Fla. Stat. § 559.72(9) by knowingly misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

141.    As a result of the above violations of the FCCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

142.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

143.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

144.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

145.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

146.    It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

147.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant Watervue as follows:

a.  Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees;

d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

e.  Any other and further relief as this Court deems just and equitable.

### *Count 7: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Defendant National Credit Systems)*

148.    Mr. Alpuin re-allege paragraphs 1-87 and incorporate the same herein by reference.

149.    Mr. Alpuin is a "consumer" within the meaning of the FDCPA.

150.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

151.    Defendant National Credit Systems is a "debt collector" within the meaning of the FDCPA.

152.    Defendant National Credit Systems violated the FDCPA. Defendant National Credit Systems' violations include, but are not limited to, the following:

    a.  Defendant violated 15 U.S.C. § 1692e generally by using false, deceptive, and misleading representations and means in connection with the collection of the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Mutunhu in the amount of $550.00 when it no such debt existed.

    b.  Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

    c.  Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect and attempt to collect the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Muntunhu in the amount of $550.00 when no such debt existed.

    d.  Defendant violated 15 U.S.C. § 1692f(1) by collecting amounts not legitimately owed by Mr. Alpuin and Ms. Muntunhu.

153.    As a result of the above violations of the FDCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

154. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

155. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

156. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

157. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

158. It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

159. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant National Credit Systems as follows:

      a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

      b. Awarding actual damages;

      c. Awarding costs and attorneys' fees;

      d. Ordering an injunction preventing further wrongful contact by the Defendant; and

      e. Any other and further relief as this Court deems just and equitable.

### *Count 8: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Defendant Transworld Systems)*

160. Mr. Alpuin re-allege paragraphs 1-87 and incorporate the same herein by reference.

161.   Mr. Alpuin is a "consumer" within the meaning of the FDCPA.

162.   The subject debt is a "consumer debt" within the meaning of the FDCPA.

163.   Defendant Transworld Systems is a "debt collector" within the meaning of the FDCPA.

164.   Defendant Transworld Systems violated the FDCPA. Defendant Transworld Systems' violations include, but are not limited to, the following:

   a.   Defendant violated 15 U.S.C. § 1692e generally by using false, deceptive, and misleading representations and means in connection with the collection of the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Mutunhu in the amount of $550.00 when it no such debt existed.

   b.   Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

   c.   Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect and attempt to collect the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Muntunhu in the amount of $550.00 when no such debt existed.

   d.   Defendant violated 15 U.S.C. § 1692f(1) by collecting amounts not legitimately owed by Mr. Alpuin and Ms. Muntunhu.

165.   As a result of the above violations of the FDCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

166.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

167.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

168.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

169.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

170.   It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

171.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant Trans World Systems as follows:

a.   Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees;

d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

e.   Any other and further relief as this Court deems just and equitable.

### Count 9: Violation of the Fair Debt Collection Practices Act ("FDCPA")
### (as against Defendant National Credit Systems)

172.    Ms. Mutunhu re-allege paragraphs 1-87 and incorporate the same herein by reference.

173.    Ms. Mutunhu is a "consumer" within the meaning of the FDCPA.

174.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

175.    Defendant National Credit Systems is a "debt collector" within the meaning of the FDCPA.

176.    Defendant National Credit Systems violated the FDCPA. Defendant National Credit Systems' violations include, but are not limited to, the following:

      a.  Defendant violated 15 U.S.C. § 1692e generally by using false, deceptive, and misleading representations and means in connection with the collection of the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Mutunhu in the amount of $550.00 when it no such debt existed.

      b.  Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

      c.  Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect and attempt to collect the alleged Debt when falsely representing that the debt

was allegedly owed by Mr. Alpuin and Ms. Muntunhu in the amount of $550.00 when no such debt existed.

d. Defendant violated 15 U.S.C. § 1692f(1) by collecting amounts not legitimately owed by Mr. Alpuin and Ms. Muntunhu.

177.   As a result of the above violations of the FDCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

178.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

179.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

180.   Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

181.    Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

182.   It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

183.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant National Credit Systems as follows:

a. Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

b. Awarding actual damages;

c. Awarding costs and attorneys' fees;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

### Count 10: Violation of the Fair Debt Collection Practices Act ("FDCPA") (as against Defendant Transworld Systems)

184. Ms. Mutunhu re-allege paragraphs 1-87 and incorporate the same herein by reference.

185. Ms. Mutunhu is a "consumer" within the meaning of the FDCPA.

186. The subject debt is a "consumer debt" within the meaning of the FDCPA.

187. Defendant Transworld Systems is a "debt collector" within the meaning of the FDCPA.

188. Defendant Transworld Systems violated the FDCPA. Defendant Transworld Systems' violations include, but are not limited to, the following:

a. Defendant violated 15 U.S.C. § 1692e generally by using false, deceptive, and misleading representations and means in connection with the collection of the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Mutunhu in the amount of $550.00 when it no such debt existed.

b. Defendant violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount and/or legal status of the alleged debt as legitimately owed by Mr. Alpuin and Ms. Mutunhu.

    c. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect and attempt to collect the alleged Debt when falsely representing that the debt was allegedly owed by Mr. Alpuin and Ms. Muntunhu in the amount of $550.00 when no such debt existed.

    d. Defendant violated 15 U.S.C. § 1692f(1) by collecting amounts not legitimately owed by Mr. Alpuin and Ms. Muntunhu.

189. As a result of the above violations of the FDCPA, Mr. Alpuin and Ms. Mutunhu have been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

190. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them stress.

191. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them anxiety.

192. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by being an annoyance.

193. Defendant's actions have damaged Mr. Alpuin and Ms. Mutunhu by causing them aggravation.

194. It has been necessary for Mr. Alpuin and Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

195. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant Transworld Systems as follows:

    a.  Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.  Awarding actual damages;

    c.  Awarding costs and attorneys' fees;

    d.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.  Any other and further relief as this Court deems just and equitable.

### Count 11 – Negligent Noncompliance with FCRA
### (as against Furnisher, Defendant National Credit Systems)

196.    Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

197.    Defendant National Credit Systems negligently failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

198.    Defendant National Credit Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

199.    Mr. Alpuin notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

200.    Under information and belief, Defendant National Credit Systems received notice of the dispute from Defendant Credit Reporting Agencies.

201.    After being informed by Defendant Credit Reporting Agencies that Mr. Alpuin disputed the accuracy of the information it was providing, Defendant National Credit Systems negligently failed to conduct a proper investigation of Mr. Alpuin's dispute pertaining to the

Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

202.   Defendant National Credit Systems negligently failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant National Credit Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

203.   Defendant National Credit Systems negligently failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Alpuin pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

204.   Mr. Alpuin has a private right of action to assert claims against Defendant National Credit Systems arising under 15 U.S.C. §1681S-2(b).

205.   Defendant National Credit Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Alpuin.

206.   Rather, Defendant National Credit Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Alpuin.

207.   As a direct and proximate result of Defendant National Credit Systems' failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

208.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

209.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by directly and proximately resulted in the denial of at least one of Mr. Alpuin's applications for credit.

210.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

211.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

212.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

213.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

214.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

215.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

216.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

217.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by being an annoyance.

218.   Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

219.   It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

220.   All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against Defendant National Credit Systems as follows:

a. Injunctive relief requiring Defendant National Credit Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b. Awarding actual damages;

c. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d. Any other and further relief as this Court deems equitable.

### Count 12 – Willful Noncompliance with FCRA
### (as against Furnisher, Defendant National Credit Systems)

221.    Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

222.    Defendant National Credit Systems willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

223.    Defendant National Credit Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

224.    Mr. Alpuin notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

225.    Under information and belief, Defendant National Credit Systems received notice of the dispute from Defendant Credit Reporting Agencies.

226.    After being informed by Defendant Credit Reporting Agencies that Mr. Alpuin disputed the accuracy of the information it was providing, Defendant National Credit Systems willfully failed to conduct a proper investigation of Mr. Alpuin's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

227.    Defendant National Credit Systems willfully failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant National Credit Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

228.    Defendant National Credit Systems willfully failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Alpuin pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

229.    Mr. Alpuin has a private right of action to assert claims against Defendant National Credit Systems arising under 15 U.S.C. §1681S-2(b).

230.    Defendant National Credit Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Alpuin.

231.    Rather, Defendant National Credit Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Alpuin.

232.    As a direct and proximate result of Defendant National Credit Systems' failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

233.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

234.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by directly and proximately resulted in the denial of at least one of Mr. Alpuin's applications for credit.

235.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

236.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

237.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

238.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

239.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

240.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

241.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

242.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by being an annoyance.

243.    Defendant National Credit Systems' improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin reputation.

244.    It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

245.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant National Credit Systems as follows:

a. Injunctive relief requiring Defendant National Credit Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b. Awarding statutory damages;

c. Awarding actual damages;

d. Awarding punitive damages;

e. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

f. Any other and further relief as this Court deems equitable.

### Count 13 – Negligent Noncompliance with FCRA
### (as against Furnisher, Defendant Transworld Systems)

246.     Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

247.     Defendant Transworld Systems negligently failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

248.     Defendant Transworld Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

249.     Mr. Alpuin notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

250.     Under information and belief, Defendant Transworld Systems received notice of the dispute from Defendant Credit Reporting Agencies.

251.     After being informed by Defendant Credit Reporting Agencies that Mr. Alpuin disputed the accuracy of the information it was providing, Defendant Transworld Systems negligently failed to conduct a proper investigation of Mr. Alpuin's dispute pertaining to the

Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

252.    Defendant Transworld Systems negligently failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant Transworld Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

253.    Defendant Transworld Systems negligently failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Alpuin pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

254.    Mr. Alpuin has a private right of action to assert claims against Defendant Transworld Systems arising under 15 U.S.C. §1681S-2(b).

255.    Defendant Transworld Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Alpuin.

256.    Rather, Defendant Transworld Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Alpuin.

257.    As a direct and proximate result of Defendant Transworld Systems' failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

258.    Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

259.    Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by directly and proximately resulted in the denial of at least one of Mr. Alpuin's applications for credit.

260.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

261.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

262.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

263.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

264.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

265.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

266.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

267.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by being an annoyance.

268.   Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

269.   It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

270.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant Transworld Systems as follows:

a. Injunctive relief requiring Defendant Transworld Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b. Awarding actual damages;

c. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d. Any other and further relief as this Court deems equitable.

### *Count 14 – Willful Noncompliance with FCRA*
### *(as against Furnisher, Defendant Transworld Systems)*

271.  Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

272.  Defendant Transworld Systems willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

273.  Defendant Transworld Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

274.  Mr. Alpuin notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

275.  Under information and belief, Defendant Transworld Systems received notice of the dispute from Defendant Credit Reporting Agencies.

276.  After being informed by Defendant Credit Reporting Agencies that Mr. Alpuin disputed the accuracy of the information it was providing, Defendant Transworld Systems willfully failed to conduct a proper investigation of Mr. Alpuin's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

277.    Defendant Transworld Systems willfully failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant Transworld Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

278.    Defendant Transworld Systems willfully failed to direct such consumer reporting agencies to delete the inaccurate information about Mr. Alpuin pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

279.    Mr. Alpuin has a private right of action to assert claims against Defendant Transworld Systems arising under 15 U.S.C. §1681S-2(b).

280.    Defendant Transworld Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Mr. Alpuin.

281.    Rather, Defendant Transworld Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Mr. Alpuin.

282.    As a direct and proximate result of Defendant Transworld Systems' failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

283.    Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

284.    Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by directly and proximately resulted in the denial of at least one of Mr. Alpuin's applications for credit.

285.    Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

286.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

287.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

288.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

289.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

290.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

291.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

292.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by being an annoyance.

293.  Defendant Transworld Systems' improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin reputation.

294.  It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

295.  All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against Defendant Transworld Systems as follows:

a. Injunctive relief requiring Defendant Transworld Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b. Awarding statutory damages;

c. Awarding actual damages;

d. Awarding punitive damages;

e. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

f. Any other and further relief as this Court deems equitable.

### Count 15 – Negligent Noncompliance with FCRA
### (as against Defendant Equifax)

296.    Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

297.    Equifax is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

298.    Equifax prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

299.    Such reports contained information about the Account that was false, misleading, and inaccurate.

300.    Equifax negligently failed to comply with the requirements of the FCRA. Equifax's violations include, but are not limited to, the following:

a. Equifax failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to

assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

b. Equifax failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

301. As a direct and proximate result of Equifax's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

302. Equifax's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

303. Equifax's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

304. Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

305. Equifax's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

306. Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

307. Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

308. Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

309.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

310.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

311.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

312.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

313.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

314.   It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

315.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Equifax as follows:

      a.   Injunctive relief requiring Equifax to correct the inaccuracies reported on the Account from Plaintiff's credit report;

      b.   Awarding actual damages;

      c.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

      d.   Any other and further relief as this Court deems equitable.

### Count 16 – Willful Noncompliance with FCRA
### (as against Defendant Equifax)

316.   Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

317.   Equifax is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

318.   Equifax prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Mr. Alpuin, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

319.   Such reports contained information about the Account that was false, misleading, and inaccurate.

320.   Equifax willfully failed to comply with the requirements of the FCRA. Equifax's violations include, but are not limited to, the following:

    a.   Equifax failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

    b.   Equifax failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

321.   As a direct and proximate result of Equifax's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

322.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

323.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

324.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

325.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin privacy.

326.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

327.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin's stress.

328.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

329.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

330.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

331.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

332.   Equifax's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

333. Equifax's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

334. It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

335. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Equifax as follows:

      a. Injunctive relief requiring Equifax to correct the inaccuracies reported on the Account from Plaintiff's credit report;

      b. Awarding actual damages;

      c. Awarding punitive damages;

      d. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

      e. Any other and further relief as this Court deems equitable.

### Count 17 – Negligent Noncompliance with FCRA
### (as against Defendant Experian)

336. Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

337. Experian is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

338. Experian prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

339.   Such reports contained information about the Account that was false, misleading, and inaccurate.

340.   Experian negligently failed to comply with the requirements of the FCRA. Experian's violations include, but are not limited to, the following:

      a.  Experian failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

      b.  Experian failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

341.   As a direct and proximate result of Experian's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

342.   Experian's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

343.   Experian's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

344.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

345.   Experian's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

346.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

347.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

348.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

349.   Experian's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

350.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

351.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

352.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

353.   Experian's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

354.   It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

355.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Experian as follows:

e.  Injunctive relief requiring Experian to correct the inaccuracies reported on the Account from Plaintiff's credit report;

f.   Awarding actual damages;

g.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

h.   Any other and further relief as this Court deems equitable.

### Count 18 – Willful Noncompliance with FCRA
### (as against Defendant Experian)

356.   Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

357.   Experian is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

358.   Experian prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Mr. Alpuin, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

359.   Such reports contained information about the Account that was false, misleading, and inaccurate.

360.   Experian willfully failed to comply with the requirements of the FCRA. Experian's violations include, but are not limited to, the following:

a.   Experian failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

b.   Experian failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

361.   As a direct and proximate result of Experian's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

362.   Experian's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

363.   Experian's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

364.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

365.   Experian's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin privacy.

366.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

367.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin's stress.

368.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

369.   Experian's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

370.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

371.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

372.   Experian's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

373.   Experian's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

374.   It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

375.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Experian as follows:

a.   Injunctive relief requiring Experian to correct the inaccuracies reported on the Account from Plaintiff's credit report;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

e.   Any other and further relief as this Court deems equitable.

### Count 19 – Negligent Noncompliance with FCRA
### (as against Defendant Trans Union)

376.   Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

377.   Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

378. Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

379. Such reports contained information about the Account that was false, misleading, and inaccurate.

380. Trans Union negligently failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

      a. Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

      b. Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

381. As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

382. Trans Union's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

383. Trans Union's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

384. Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

385.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin's privacy.

386.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

387.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin stress.

388.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

389.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

390.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

391.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

392.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

393.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

394.    It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

395.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

    a.   Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

    d.   Any other and further relief as this Court deems equitable.

### *Count 20 – Willful Noncompliance with FCRA*
### *(as against Defendant Trans Union)*

396.    Mr. Alpuin re-alleges paragraphs 1-87 and incorporates the same herein by reference.

397.    Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

398.    Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Mr. Alpuin, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

399.    Such reports contained information about the Account that was false, misleading, and inaccurate.

400.    Trans Union willfully failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

    a.   Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Alpuin;

    b.  Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

401.    As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Mr. Alpuin has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

402.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by damaging Mr. Alpuin's reputation for credit worthiness.

403.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by directly and proximately causing the denial of at least one of Mr. Alpuin's applications for credit.

404.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin lost opportunity to receive credit and increased cost for credit.

405.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by invading Mr. Alpuin privacy.

406.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin embarrassment.

407.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin's stress.

408.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin aggravation.

409.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by harming Mr. Alpuin's reputation.

410.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin emotional distress.

411.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin to lose sleep.

412.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by causing Mr. Alpuin anxiety.

413.    Trans Union's improper and false credit reporting has harmed Mr. Alpuin by being annoying.

414.    It has been necessary for Mr. Alpuin to retain the undersigned counsel to prosecute the instant action, for which Mr. Alpuin is obligated to pay a reasonable attorney's fee.

415.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

   a.  Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

   b.  Awarding actual damages;

   c.  Awarding punitive damages;

   d.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

   e.  Any other and further relief as this Court deems equitable.

### Count 21 – Negligent Noncompliance with FCRA
### (as against Furnisher, Defendant National Credit Systems)

416.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

417.   Defendant National Credit Systems negligently failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

418.   Defendant National Credit Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

419.   Ms. Mutunhu notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

420.   Under information and belief, Defendant National Credit Systems received notice of the dispute from Defendant Credit Reporting Agencies.

421.   After being informed by Defendant Credit Reporting Agencies that Ms. Mutunhu disputed the accuracy of the information it was providing, Defendant National Credit Systems negligently failed to conduct a proper investigation of Ms. Mutunhu's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

422.   Defendant National Credit Systems negligently failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant National Credit Systems in conducting its investigation, as required by 15 U.S.C. §1681-2(b)(B).

423.   Defendant National Credit Systems negligently failed to direct such consumer reporting agencies to delete the inaccurate information about Ms. Mutunhu pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

424.   Ms. Mutunhu has a private right of action to assert claims against Defendant National Credit Systems arising under 15 U.S.C. §1681S-2(b).

425.   Defendant National Credit Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Ms. Mutunhu.

426.    Rather, Defendant National Credit Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Ms. Mutunhu.

427.    As a direct and proximate result of Defendant National Credit Systems' failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

428.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

429.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately resulted in the denial of at least one of Ms. Mutunhu's applications for credit.

430.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

431.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

432.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

433.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

434.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

435.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

436.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

437.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by being an annoyance.

438.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

439.    It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

440.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against Defendant National Credit Systems as follows:

a.  Injunctive relief requiring Defendant National Credit Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d.  Any other and further relief as this Court deems equitable.

### Count 22 – Willful Noncompliance with FCRA
### (as against Furnisher, Defendant National Credit Systems)

441.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

442.    Defendant National Credit Systems willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

443.    Defendant National Credit Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

444.    Ms. Mutunhu notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

445.    Under information and belief, Defendant National Credit Systems received notice of the dispute from Defendant Credit Reporting Agencies.

446.    After being informed by Defendant Credit Reporting Agencies that Ms. Mutunhu disputed the accuracy of the information it was providing, Defendant National Credit Systems willfully failed to conduct a proper investigation of Ms. Mutunhu's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

447.    Defendant National Credit Systems willfully failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant National Credit Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

448.    Defendant National Credit Systems willfully failed to direct such consumer reporting agencies to delete the inaccurate information about Ms. Mutunhu pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

449.    Ms. Mutunhu has a private right of action to assert claims against Defendant National Credit Systems arising under 15 U.S.C. §1681S-2(b).

450.    Defendant National Credit Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Ms. Mutunhu.

451.    Rather, Defendant National Credit Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Ms. Mutunhu.

452.    As a direct and proximate result of Defendant National Credit Systems' failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

453.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

454.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately resulted in the denial of at least one of Ms. Mutunhu's applications for credit.

455.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

456.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

457.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

458.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

459.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

460.    Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

461.   Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

462.   Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by being an annoyance.

463.   Defendant National Credit Systems' improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu reputation.

464.   It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

465.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant National Credit Systems as follows:

        a.   Injunctive relief requiring Defendant National Credit Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

        b.   Awarding statutory damages;

        c.   Awarding actual damages;

        d.   Awarding punitive damages;

        e.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

        f.   Any other and further relief as this Court deems equitable.

### *Count 23 -- Negligent Noncompliance with FCRA*
### *(as against Furnisher, Defendant Transworld Systems)*

466.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

467.    Defendant Transworld Systems negligently failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

468.    Defendant Transworld Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

469.    Ms. Mutunhu notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

470.    Under information and belief, Defendant Transworld Systems received notice of the dispute from Defendant Credit Reporting Agencies.

471.    After being informed by Defendant Credit Reporting Agencies that Ms. Mutunhu disputed the accuracy of the information it was providing, Defendant Transworld Systems negligently failed to conduct a proper investigation of Ms. Mutunhu's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

472.    Defendant Transworld Systems negligently failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant Transworld Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

473.    Defendant Transworld Systems negligently failed to direct such consumer reporting agencies to delete the inaccurate information about Ms. Mutunhu pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

474.    Ms. Mutunhu has a private right of action to assert claims against Defendant Transworld Systems arising under 15 U.S.C. §1681S-2(b).

475.    Defendant Transworld Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Ms. Mutunhu.

476.    Rather, Defendant Transworld Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Ms. Mutunhu.

477.    As a direct and proximate result of Defendant Transworld Systems' failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

478.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

479.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately resulted in the denial of at least one of Ms. Mutunhu's applications for credit.

480.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

481.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

482.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

483.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

484.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

485.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

486.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

487.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by being an annoyance.

488.    Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

489.    It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

490.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant Transworld Systems as follows:

        a.  Injunctive relief requiring Defendant Transworld Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

        b.  Awarding actual damages;

        c.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

        d.  Any other and further relief as this Court deems equitable.

## *Count 24 – Willful Noncompliance with FCRA*
## *(as against Furnisher, Defendant Transworld Systems)*

491.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

492.    Defendant Transworld Systems willfully failed to comply with the requirements of the Fair Credit Reporting Act, 15 U.S.C. §1681S-2(b).

493.    Defendant Transworld Systems is a "user" and "furnisher" of credit information as discussed in the Fair Credit Reporting Act, 15 U.S.C. §§1681-1681x.

494.    Ms. Mutunhu notified Defendant Credit Reporting Agencies in writing of the dispute regarding the Account and included all relevant information.

495.    Under information and belief, Defendant Transworld Systems received notice of the dispute from Defendant Credit Reporting Agencies.

496.    After being informed by Defendant Credit Reporting Agencies that Ms. Mutunhu disputed the accuracy of the information it was providing, Defendant Transworld Systems willfully failed to conduct a proper investigation of Ms. Mutunhu's dispute pertaining to the Account filed with Defendant Credit Reporting Agencies, as required by 15 U.S.C. §1681S-2(b)(A).

497.    Defendant Transworld Systems willfully failed to review all relevant information allegedly provided from Defendant Credit Reporting Agencies to Defendant Transworld Systems in conducting its investigation, as required by 15 U.S.C. §1681S-2(b)(B).

498.    Defendant Transworld Systems willfully failed to direct such consumer reporting agencies to delete the inaccurate information about Ms. Mutunhu pertaining to the Account, as required by 15 U.S.C. §1681S-2(b)(C).

499.   Ms. Mutunhu has a private right of action to assert claims against Defendant Transworld Systems arising under 15 U.S.C. §1681S-2(b).

500.   Defendant Transworld Systems continue to fail in supplying accurate and truthful information in regards to the Account as it pertains to Ms. Mutunhu.

501.   Rather, Defendant Transworld Systems continues to report false and inaccurate information and failed to retract, delete, and suppress false and inaccurate information it reported about Ms. Mutunhu.

502.   As a direct and proximate result of Defendant Transworld Systems' failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

503.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

504.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately resulted in the denial of at least one of Ms. Mutunhu's applications for credit.

505.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

506.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

507.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

508.   Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

509. Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

510. Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

511. Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

512. Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by being an annoyance.

513. Defendant Transworld Systems' improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu reputation.

514. It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

515. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Defendant Transworld Systems as follows:

        a. Injunctive relief requiring Defendant Transworld Systems to correct the inaccuracies regarding the Account and furnish these corrections to Trans Union, Equifax, and Experian;

        b. Awarding statutory damages;

        c. Awarding actual damages;

        d. Awarding punitive damages;

        e. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

f.   Any other and further relief as this Court deems equitable.

### Count 25 – Negligent Noncompliance with FCRA
### (as against Defendant Equifax)

516.   Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

517.   Equifax is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

518.   Equifax prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

519.   Such reports contained information about the Account that was false, misleading, and inaccurate.

520.   Equifax negligently failed to comply with the requirements of the FCRA. Equifax's violations include, but are not limited to, the following:

a.   Equifax failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Mutunhu;

b.   Equifax failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

521.    As a direct and proximate result of Equifax's failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

522.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

523.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

524.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

525.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

526.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

527.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

528.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

529.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

530.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

531.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

532.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

533.    Equifax's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

534.    It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

535.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter judgment against Equifax as follows:

a.  Injunctive relief requiring Equifax to correct the inaccuracies reported on the Account from Plaintiff's credit report;

b.  Awarding actual damages;

c.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d.  Any other and further relief as this Court deems equitable.

### *Count 26 – Willful Noncompliance with FCRA*
### *(as against Defendant Equifax)*

536.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

537.    Equifax is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

538. Equifax prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Ms. Mutunhu, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

539. Such reports contained information about the Account that was false, misleading, and inaccurate.

540. Equifax willfully failed to comply with the requirements of the FCRA. Equifax's violations include, but are not limited to, the following:

> a. Equifax failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Mutunhu;
>
> b. Equifax failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

541. As a direct and proximate result of Equifax's failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

542. Equifax's improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

543. Equifax's improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

544. Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

545.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu privacy.

546.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

547.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu's stress.

548.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

549.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

550.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

551.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

552.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

553.   Equifax's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

554.   It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

555.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Equifax as follows:

      a.  Injunctive relief requiring Equifax to correct the inaccuracies reported on the Account from Plaintiff's credit report;

      b.  Awarding actual damages;

      c.  Awarding punitive damages;

      d.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

      e.  Any other and further relief as this Court deems equitable.

### Count 27 – Negligent Noncompliance with FCRA
### (as against Defendant Experian)

556.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

557.    Experian is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

558.    Experian prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

559.    Such reports contained information about the Account that was false, misleading, and inaccurate.

560.    Experian negligently failed to comply with the requirements of the FCRA. Experian's violations include, but are not limited to, the following:

      a.  Experian failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to

assure maximum possible accuracy of the information it reported to one
or more third parties pertaining to Ms. Mutunhu;

b.  Experian failed to comply with the FCRA, 15 U.S.C. §1681i by failing
to follow the requirements set forth to handle cases of disputed
accuracy.

561.   As a direct and proximate result of Experian's failure to comply with the
requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to
receive credit and increased cost for credit.

562.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by
damaging Ms. Mutunhu's reputation for credit worthiness.

563.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by directly
and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

564.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing
Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

565.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by
invading Ms. Mutunhu's privacy.

566.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing
Ms. Mutunhu embarrassment.

567.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing
Ms. Mutunhu stress.

568.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing
Ms. Mutunhu aggravation.

569.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's   reputation.

570.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

571.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

572.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

573.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

574.   It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

575.   All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Experian as follows:

   a.   Injunctive relief requiring Experian to correct the inaccuracies reported on the Account from Plaintiff's credit report;

   b.   Awarding actual damages;

   c.   Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

   d.   Any other and further relief as this Court deems equitable.

## Count 28 – Willful Noncompliance with FCRA
### (as against Defendant Experian)

576.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

577.    Experian is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

578.    Experian prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Ms. Mutunhu, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

579.    Such reports contained information about the Account that was false, misleading, and inaccurate.

580.    Experian willfully failed to comply with the requirements of the FCRA. Experian's violations include, but are not limited to, the following:

        a.  Experian failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Mutunhu;

        b.  Experian failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

581.    As a direct and proximate result of Experian's failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

582.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

583.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

584.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

585.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu privacy.

586.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

587.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu's stress.

588.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

589.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

590.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

591.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

592.   Experian's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

593.    Experian's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

594.    It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

595.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Experian as follows:

        a.  Injunctive relief requiring Experian to correct the inaccuracies reported on the Account from Plaintiff's credit report;

        b.  Awarding actual damages;

        c.  Awarding punitive damages;

        d.  Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

        e.  Any other and further relief as this Court deems equitable.

### Count 29 – Negligent Noncompliance with FCRA
### (as against Defendant Trans Union)

596.    Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

597.    Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

598.    Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

599.   Such reports contained information about the Account that was false, misleading, and inaccurate.

600.   Trans Union negligently failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

      a.   Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by negligently failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Mutunhu;

      b.   Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

601.   As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

602.   Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

603.   Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

604.   Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

605.   Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu's privacy.

606.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

607.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu stress.

608.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

609.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

610.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

611.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

612.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

613.    Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

614.    It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

615.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

a. Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

b. Awarding actual damages;

c. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681o(a); and

d. Any other and further relief as this Court deems equitable.

### Count 30 – Willful Noncompliance with FCRA
### (as against Defendant Trans Union)

616. Ms. Mutunhu re-alleges paragraphs 1-87 and incorporates the same herein by reference.

617. Trans Union is a "consumer reporting agency" as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(f).

618. Trans Union prepared, issued, assembled, transferred, and otherwise reproduced "consumer reports" regarding Ms. Mutunhu, as defined in the Fair Credit Reporting Act, 15 U.S.C. §1681a(d).

619. Such reports contained information about the Account that was false, misleading, and inaccurate.

620. Trans Union willfully failed to comply with the requirements of the FCRA. Trans Union's violations include, but are not limited to, the following:

a. Trans Union failed to comply with the FCRA, 15 U.S.C. §1681e(b) by willfully failing to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Mutunhu;

b.  Trans Union failed to comply with the FCRA, 15 U.S.C. §1681i by failing to follow the requirements set forth to handle cases of disputed accuracy.

621.  As a direct and proximate result of Trans Union's failure to comply with the requirements of the FCRA, Ms. Mutunhu has suffered, and continues to suffer lost opportunity to receive credit and increased cost for credit.

622.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by damaging Ms. Mutunhu's reputation for credit worthiness.

623.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by directly and proximately causing the denial of at least one of Ms. Mutunhu's applications for credit.

624.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu lost opportunity to receive credit and increased cost for credit.

625.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by invading Ms. Mutunhu privacy.

626.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu embarrassment.

627.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu's stress.

628.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu aggravation.

629.  Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by harming Ms. Mutunhu's reputation.

630. Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu emotional distress.

631. Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu to lose sleep.

632. Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by causing Ms. Mutunhu anxiety.

633. Trans Union's improper and false credit reporting has harmed Ms. Mutunhu by being annoying.

634. It has been necessary for Ms. Mutunhu to retain the undersigned counsel to prosecute the instant action, for which Ms. Mutunhu is obligated to pay a reasonable attorney's fee.

635. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter judgment against Trans Union as follows:

      a. Injunctive relief requiring Trans Union to correct the inaccuracies reported on the Account from Plaintiff's credit report;

      b. Awarding actual damages;

      c. Awarding punitive damages;

      d. Awarding costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a); and

      e. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, **MICHAEL ALPUIN and KAYLA MUTUNHU**, demand a trial by jury on all issues

so triable.

Respectfully submitted this **February 18, 2024**,

/s/ Kaelyn Diamond
Kaelyn Diamond, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
service@attorneydebtfighters.com
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@attorneydebtfighters.com
Ziegler Diamond Law: Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p) (727) 538-4188
(f) (727) 362-4778
*Counsel for Plaintiff*

# EXHIBIT A

From: Ringgold, Tania Tania.Ringgold@concordrents.com
Subject: RE: [EXTERNAL] Re: Watervue-Thank you
Date: Jul 26, 2021 at 4:35:16 PM
To: Michael Alpuin ▇▇▇▇▇▇▇.com
Cc: leasing@watervueatlongwood.com, Lai, Krista
    Krista.Lai@concordrents.com

Hi Mr. Alpuin,

I will put in a request for a full refund, Typically it does take 30-45 business days to get back.

Thank you,

# Tania Ringgold
Floating Leasing Professional

WaterVue at Longwood Apartments
Tania.Ringgold@concordrents.com
P:407-410-8892
F:321-972-8874

Moss Park Apartments
Tania.Ringgold@concordrents.com
P:407-542-4956
F:407-542-5976

ConcordRENTS

**From:** Michael Alpuin <▇▇▇▇▇▇▇>
**Sent:** Monday, July 26, 2021 4:32 PM
**To:** Ringgold, Tania <Tania.Ringgold@concordrents.com>
**Cc:** Leasing@watervueatlongwood.com
**Subject:** [EXTERNAL] Re: Watervue-Thank you

Hi there,

24 bussiness hours have now elapsed since my initial inquiry. The funds were removed from my bank account effective this morning. Please advise on how you plan to proceed.

Thank you,

Michael Alpuin

Sent from my iPhone

On Jul 23, 2021, at 2:46 PM, Michael Alpuin < ▅▅▅▅▅▅▅ .com> wrote:

Hello,

We are not flexible with move-in date and will not be moving forward with a waitlist status. The information regarding a 3-5 month waitlist was not disclosed at the time of application, in fact: we paid a holding fee to avoid this scenario. We will be expecting a full refund on application and holding fee as well as removal of the soft inquiry on our credit reports unless a 2 bedroom violet unit, specifically unit 201 can be made available by August 21, 2021 at the latest. Please let me know how you plan to proceed.

Thanks,

Michael Alpuin

Sent from my iPhone

On Jul 23, 2021, at 12:17 PM, Ringgold, Tania <Tania.Ringgold@concordrents.com> wrote:

Good morning Mr. Alpuin

Congratulations! Your application is fully approved. 

Thank you for applying to Watervue at Longwood. I just wanted to touch base with you. You are currently on our waitlist for a 2 bedroom/ 2 bathroom -- Violet apartment home. Hoping you are flexible with your timeframe. As of today, it is currently about a 3-5 month wait time for a 2 bedroom. Please see the attached Waitlist Addendum form for review and signature.

Thank you,

**Tania Ringgold**
Floating Leasing Professional

WaterVue at Longwood Apartments
Tania.Ringgold@concordrents.com
P:407-410-8892
F:321-972-8874


Moss Park Apartments
Tania.Ringgold@concordrents.com
P:407-542-4956
F:407-542-5976

<image001.jpg>

<Wait List Addendum.doc>

This email has been scanned by the Symantec Email Security.cloud service.
For more information please visit http://www.symanteccloud.com

# EXHIBIT B

**Description of your dispute:** Explain your complaint fully, describing events in the order they occurred. Use additional sheets as needed.

On July 22, 2021 my fiancee and I applied for a 2 bd/2 bth (specifically unit 201) on the WaterVue at Longwood website which is managed by Concord Rents. On the Aug. 21, 2021 which aligned with our moving timeline, we took a virtual tour on the property's website and decided we would like to move forward with an application. During the application process, the unit number (201) and the move in date of 08/21/21 was explicitly stated. Since both of these data points were listed we assumed these to be accurate. During the application process, we paid a $130 application fee as well as a holding fee of $350, totaling $480. The next day we received an email from a representative of the company stating we were approved. This email included an application addendum which stated there was a 3-5 month wait list for our desired unit type. On the same day this email was received, we refused the addendum and demanded that a unit similar to what we applied for be furnished by 8/21/21 or we are due a full refund in the amount of $480. The representative from WaterVue at Longwood (Tonia Ringgold) agreed to issue a refund in full via email on 7/26/21 and quoted a 30-45 business day timeframe to have the funds returned. The application fee and holding fee was paid due to the false information on the company website. I made my bank at the time aware of the ongoing dispute and they advised I issue a stop payment on the funds as they were still reflecting as a pending bill withdrawal. The funds were returned to my account and all communication with Concord Rents and their representatives ceased. On February 22, 2022 my fiancee and I began to receive a series of letters from the property manager's collections office demanding a payment of $550 and threatening to report to credit bureaus as well as sell the debt to a collection agency. I have made several attempts to resolve with Derek Griffin directly.

# EXHIBIT C



**Complaint Details**

On July 22, 2021 my fiancée and I applied for a 2 bedroom/2 bathroom (specifically unit 201) on the WaterVue at Longwood website which is managed by ConcordRENTS. On the website at the time, unit 201 was listed with an available move in date of August 21, 2021 which aligned with our moving timeline. We took a virtual tour on the property's website and decided we would like to move forward with an application. During this application process, the unit number (201) and the move in date of 8/21/21 was explicitly stated. Since both of these data points were listed, we assumed them to be accurate. During the application process, we paid a $130 application fee as well as a holding fee of $350, totaling $480. The next day we received an email from a representative of the company stating we were approved. This email included an application addendum which stated a 3-5 month wait list for our desired unit type. Within three hours of receiving this email, we refused the addendum and demanded that a unit similar to what we applied to be furnished by 8/21/21 or we are due a full refund in the amount of $480. The representative from WaterVue at Longwood (Tania Ringgold) agreed to issue a refund in full via email on 7/26/21 and quoted a 30-45 business day timeframe to have the funds returned. The application fee and holding fee was paid due to the false advertising on the company's website. I made my bank at the tune aware of this ongoing dispute and they advised I issue a stop payment on the fund as they were still reflecting as a pending ACH withdrawal. The funds were returned to my account and all communication with ConcordRENTS and their representatives ceased. On February 22, 2022 my fiancée and I began to receive a series of letters from the property manager's collections office demanding a payment of $550 and threatening to report to credit bureaus as well as sell the debt to a collection agency. I have made several attempts to resolve with Derek Griffin directly.

Desired Outcome/Settlement

**Desired Settlement:** Other (requires explanation)

Billing adjustment; Correction to a credit report; No further contact by the business

# EXHIBIT D



**ORANGE COUNTY CONSUMER PROTECTION**

2450 W. 33rd St. 2nd Floor
Orlando, Florida 32839
(407) 836-4237  Fax (407) 836-4233

**Certified – Return Receipt Requested**

June 23, 2022

ConcordRents
PO Box 940729
Maitland, FL. 32794-0729

RE:   Case #  ████████         Michael Alpuin

Dear Manager:

We attempt to resolve consumer complaints through informal contact with the parties involved.   On May 13, 2022, we mailed a copy of the enclosed complaint but we have not received your response.   Your reply will enable us to properly review the consumer's dispute and make an appropriate decision.

Please advise this office, in writing, of your position in this matter.   For your convenience, you may contact me Walter.Krauss@ocfl.net. Or (407) 836-4237.       .
Your cooperation by responding within 10 days will be appreciated.  It is our sincere hope this matter may be resolved without delay.

Sincerely,

Walter Krauss
Orange County Consumer Protection

Enclosure

67-5(3)

Scanned with CamScanner

# EXHIBIT E



**WATERVUEATLONGWOOD.COM**
907 Tidewater Lane #123 • Longwood, FL 32750
PH: 407.410.8692 • Fax: 321.972.8874

June 29, 2022

Orange County Consumer Protection

2450 W. 33rd St. 2nd Floor

Orlando, Florida 32839

Re: Case # ▓▓▓▓▓ Michael Alpuin

To Whom It May Concern:

This letter is in response to the complaint referenced above. We received an online complaint through the Better Business Bureau, and a response was submitted online May 13, 2022. The response gave Mr. Alpuin a settlement offer in the amount of $170 with a deadline of May 20, 2022, with the appropriate email to contact to make the payment. This offer has since past with no response and our company has proceeded with collection activity at this time.

Thank you,

Krista Lai
WaterVue at Longwood
Senior Community Director

Scanned with CamScanner

# EXHIBIT F



**ORANGE COUNTY CONSUMER PROTECTION**

2450 W. 33rd St. 2nd Floor
Orlando, Florida 32839
(407) 836-4237 Fax (407) 836-4233

June 30, 2022

Michael Alpuin

RE: ConcordRENTS

Dear Mr. Alpuin:

In an attempt to resolve your dispute we forwarded a copy of your complaint to the business/individual. The enclosed reply was received. Unfortunately, we were unable to arrange a mutually agreeable solution.

Your complaint will be maintained in our file and will be available to the public under Florida's Public Records Law. We are sorry that we have been unable to assist you in this matter. However, you may have further recourse through a private attorney or use the services of Lawyer Referral or Legal Aid or in small claims court.

Sincerely,

Walter Krauss
Orange County Consumer Protection

Scanned with CamScanner

# EXHIBIT G



## National Credit Systems, Inc

P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN

Reference:

NCS is a debt collector. We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number ▬.

| | |
|---|---|
| As of 08/24/2021 you owed: | $550.00 |
| Between 08/24/2021 and today: | |
| You were charged this amount in interest: + | $0.00 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: | $0.00 |
| Total amount of the debt now: | $550.00 |

**How can you dispute the debt?**

Call or write to us by **August 29, 2022**, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

If you write to us by **August 29, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 29, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

Contact us about your payment options.

**Notice: See reverse side for important information.**

DEPT 855    6744407422075
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

MICHAEL ALPUIN

**How do you want to respond?**

Check all that apply:
☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).
☐ I want you to send me the name and address of the original creditor.
☐ I enclosed this amount: $ _____

Make your check payable to National Credit Systems.
Include the Reference #: ▬

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA 30006

ATL13-0726-1768708302-02500-2500

Scanned with CamScanner

# EXHIBIT H

Date: August 23, 2022

Michael Alpuin

████████████████

National Credit Systems, Inc
PO Box 672288
Marietta, GA 30006

RE: Reference #█████

To Whom It May Concern:

Be advised this is not a refusal to pay, but a notice that your claim is disputed and validation is
requested. Under the *Fair Debt collection Practices Act (FDCPA)*, I have the right to request validation
of the debt you say I owe you. I am requesting proof that I am indeed the party you are asking to pay this
debt, and there is some contractual obligation that is binding on me to pay this debt.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION
made pursuant to 15 USC 1692g Sec. 809 (b) of the FDCPA. I respectfully request that your offices
provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have or continue to report invalidated information
to any of the three major credit bureaus (Equifax, Experian, Trans Union), this action might constitute
fraud under both federal and state laws. Due to this fact, if any negative mark is found or continues to
report on any of my credit reports by your company or the company you represent, I will not hesitate in
bringing legal action against you and your client for the following: Violation of the Fair Debt Collection
Practices Act *and* Defamation of Character.

I am sure your legal staff will agree that non-compliance with this request could put your company in
serious legal trouble with the FTC and other state or federal agencies.

If your offices are able to provide the proper documentation as requested in the following declaration, I
will require 30 days to investigate this information and during such time all collection activity must cease
and desist. Also, during this validation period, if any action is taken which could be considered
detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing
of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices
fail to respond to this validation request within 30 days from the date of your receipt, all references to this
account must be deleted and completely removed from my credit file and a copy of such deletion request
shall be sent to me immediately.

It would be advisable that you and your client assure that your records are in order before I am forced to take legal action.

CREDITOR/DEBT COLLECTOR DECLARATION

Please provide the following:

• Agreement with your client that grants you the authority to collect on this alleged debt.
• Agreement that bears the signature of the alleged debtor wherein he/she agreed to pay the creditor.
• Any insurance claims been made by any creditor regarding this account.
• Any Judgments obtained by any creditor regarding this account.
• Name and address of alleged creditor.
• Name on file of alleged debtor.
• Alleged account number.
• Address on file for alleged debtor.
• Amount of alleged debt.
• Date this alleged debt became payable.
• Date of original charge off or delinquency.
• Verification that this debt was assigned or sold to collector.
• Complete accounting of alleged debt.
• Commission for debt collector if collection efforts are successful.

Please provide the name and address of the bonding agent for National Credit Systems, Inc in case legal action becomes necessary. Your claim cannot and WILL NOT be considered if any portion of the above is not completed and returned with copies of all requested documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please allow 30 days for processing after I receive this information back.


Best Regards

Michael Alpuin

# EXHIBIT I

Date: August 23, 2022

Kayla Mutunhu

████████████
████████████

National Credit Systems, Inc
PO Box 672288
Marietta, GA 30006

RE: Reference ████████

To Whom It May Concern:

Be advised this is not a refusal to pay, but a notice that your claim is disputed and validation is requested. Under the *Fair Debt collection Practices Act (FDCPA)*, I have the right to request validation of the debt you say I owe you. I am requesting proof that I am indeed the party you are asking to pay this debt, and there is some contractual obligation that is binding on me to pay this debt.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to 15 USC 1692g Sec. 809 (b) of the FDCPA. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

At this time I will also inform you that if your offices have or continue to report invalidated information to any of the three major credit bureaus (Equifax, Experian, Trans Union), this action might constitute fraud under both federal and state laws. Due to this fact, if any negative mark is found or continues to report on any of my credit reports by your company or the company you represent, I will not hesitate in bringing legal action against you and your client for the following: Violation of the Fair Debt Collection Practices Act *and* Defamation of Character.

I am sure your legal staff will agree that non-compliance with this request could put your company in serious legal trouble with the FTC and other state or federal agencies.

If your offices are able to provide the proper documentation as requested in the following declaration, I will require 30 days to investigate this information and during such time all collection activity must cease and desist. Also, during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with legal counsel for suit. This includes any listing of any information to a credit-reporting repository that could be inaccurate or invalidated. If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.

It would be advisable that you and your client assure that your records are in order before I am forced to take legal action.

CREDITOR/DEBT COLLECTOR DECLARATION

Please provide the following:

• Agreement with your client that grants you the authority to collect on this alleged debt.
• Agreement that bears the signature of the alleged debtor wherein he/she agreed to pay the creditor
• Any insurance claims been made by any creditor regarding this account.
• Any Judgments obtained by any creditor regarding this account.
• Name and address of alleged creditor.
• Name on file of alleged debtor.
• Alleged account number.
• Address on file for alleged debtor.
• Amount of alleged debt.
• Date this alleged debt became payable.
• Date of original charge off or delinquency.
• Verification that this debt was assigned or sold to collector.
• Complete accounting of alleged debt.
• Commission for debt collector if collection efforts are successful.

Please provide the name and address of the bonding agent for National Credit Systems, Inc in case legal action becomes necessary. Your claim cannot and WILL NOT be considered if any portion of the above is not completed and returned with copies of all requested documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. Please allow 30 days for processing after I receive this information back.

Best Regards

Kayla Mutunhu

# EXHIBIT J

 

**National**
**Credit Systems, Inc.**

P.O. Box 672288 Marietta, GA 30006  (800) 459-1539  (404) 629-2728
Monday - Thursday 8:00 a.m. - 7:00 p.m., Friday 8:00 a.m. - 5:00 p.m.

09/09/2022

Michael Alpuin

Current Creditor: Watervue at Longwood Apts
Client Account Number:
NCS Account Number:

Balance: $550.00

We are aware of your dispute concerning the above referenced account.

Your dispute has been investigated; however, we have yet to find sufficient evidence to validate your claim(s). It is very important that you provide our company with all relevant documentation and information supporting your position.

In the event that new information is obtained which places doubt on the validity of this debt, we will promptly update our records appropriately. In addition, National Credit Systems, Inc. will revise or delete the information it may have reported to the three major credit bureaus, in full compliance with the provisions of The Fair Credit Reporting Act ,The Fair Debt Collections Practices Act and any state regulations that may be applicable.

It is important to know that National Credit Systems, Inc. is a third party debt collection agency whose efforts are solely on behalf of the current creditor who has previously validated this debt.

Enclosed you will find documentation provided to us by Watervue at Longwood Apts.

Sincerely,

Collection Representative
404-592-0212
11_D

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for this purpose.

Scanned with CamScanner

This document itemizes the charges assessed by the original creditor, which were provided to National Credit Systems, Inc. at the time the account was submitted for collection.

## Watervue at Longwood Apts
907 Tidewater Lane ofc
Longwood, FL 32750

| RESIDENT: ALPUIN, MICHAEL    MUTUNHU, KAYLA | |
| --- | --- |
| Move-Out Date: 8/24/2021 | Unit: |

### Itemized Account Statement

| Charges: | |
| --- | --- |
| Rent Owed: | $ 0.00 |
| Late Charges: | $ 0.00 |
| NSF Fees: | $ 0.00 |
| Utility Charges: | $ 0.00 |
| Lease Termination: | $ 0.00 |
| Insufficient Notice Fee: | $ 0.00 |
| Attorney Fee: | $ 0.00 |
| Dispossessory Fee: | $ 0.00 |
| Warrant Fee: | $ 0.00 |
| Eviction Fee: | $ 0.00 |
| Cleaning Charges: | $ 0.00 |
| Damages: | $ 0.00 |
| Key Charge: | $ 0.00 |
| Concession Payback: | $ 0.00 |
| Other: | $ 0.00 |

**Additional Charges**

| Payments / Credits: | $ 0.00 |
| --- | --- |
| Deposit Applied: | $ 0.00 |

| Total Amount Owed: | $550.00 |
| --- | --- |

# EXHIBIT K

DEPT 855    3578105922093
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

**National Credit Systems, Inc**
P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

KAYLA MUTUNHU

Attn: Client Services

September 12, 2022

Client:  Watervue at Longwood Apts /
Client Account Number:
NCS Account Number:

Balance:  $550.00

We have investigated your dispute related to the above-referenced account.

To date, we have not received information sufficient to validate your dispute or revise our records.

If you provide us with additional information relate to your dispute, we will promptly review it and update our records accordingly, if deemed appropriate.

It is important to know that National Credit Systems, Inc. is a third party debt collection agency whose efforts are solely on behalf of the current creditor, who has previously validated this debt.

Enclosed you will find information provided to us by Watervue at Longwood Apts /                .

Sincerely,

CARL PHILLIPS
Collection Representative
404-592-0212  800-438-7514



Use QR code to gain immediate access for payment.
www.nationalcreditsystems.com

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.** ATL11-0912-1793589614-00048-46

Scanned with CamScanner

## Resident Ledger



**ConcordRENTS**

Date: 08/24/2021

| Code | | Property | 2376 | Lease From | 08/13/2021 |
|---|---|---|---|---|---|
| Name | Michael Alpuin | Unit | WAIT-B1 | Lease To | 08/12/2022 |
| Address | | Status | Canceled | Move In | |
| | | Rent | 1569.00 | Move Out | |
| City | | Phone (H) | | Phone (W) | |

| Date | Chg Code | Post Month | Description | Charge | Payment | Balance | Chg/Rec |
|---|---|---|---|---|---|---|---|
| 07/22/2021 | appf | 07/2021 | Application Fee | 130.00 | | 130.00 | 64079708 |
| 07/22/2021 | dep | 07/2021 | Holding Fee | 250.00 | | 380.00 | 64079712 |
| 07/22/2021 | | 07/2021 | chk# :ACH-WEB Online Payment - EFT Payment. RENTCafe Web NSFed by ctrl# 21599801 Automatic NSF XV0SF5VMLJ2, Return Code: R10 Unauthorized | | 130.00 | 250.00 | 21565876 |
| 07/22/2021 | | 07/2021 | chk# :ACH-WEB Online Payment - EFT Payment. RENTCafe Web NSFed by ctrl# 21599802 Automatic NSF 3W0SF5VMLJ2, Return Code: R10 Unauthorized | | 250.00 | 0.00 | 21565879 |
| 08/03/2021 | nsff | 08/2021 | Returned check charge | 85.00 | | 85.00 | 64167662 |
| 08/03/2021 | nsff | 08/2021 | Returned check charge | 85.00 | | 170.00 | 64167663 |
| 08/03/2021 | | 08/2021 | chk# :ACH-WEB NSF receipt Ctrl# 21565876 | | (130.00) | 300.00 | 21599801 |
| 08/03/2021 | | 08/2021 | chk# :ACH-WEB NSF receipt Ctrl# 21565879 | | (250.00) | 550.00 | 21599802 |
| 08/24/2021 | dep | 08/2021 | :Deposit credit | (250.00) | | 300.00 | 64187606 |
| 08/24/2021 | canc | 08/2021 | Cancellation Fee | 250.00 | | 550.00 | 64187607 |

ATL.11-0912-1793689614-00046-48

Scanned with CamScanner

# EXHIBIT L



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

████████████████████

Re:  Our Reference No(s).        Creditor                                Balance Due
                                 WATERVUE AT LONGWOOD                     $550.00
      ████████                   Account No.: ████████

Dear MICHAEL ALPUIN :

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account ████████

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account ████████ ████ on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

135580-A-228

Scanned with CamScanner

## Resident Ledger

 ConcordRENTS

Date: 08/23/2021

| Code | | Property | 2376 | Lease From | 08/13/2021 |
|------|------|----------|------|------------|------------|
| Name | Michael Alpuln | Unit | WAIT-B1 | Lease To | 08/13/2022 |
| Address | | Status | Canceled | Move In | |
| | | Rent | 1569.00 | Move Out | |
| City | | Phone (H) | | Phone (W) | |

| Date | Chg Code | Post Month | Description | Charge | Payment | Balance | Chg/Rec |
|------|----------|------------|-------------|--------|---------|---------|---------|
| 07/22/2021 | appf | 07/2021 | Application Fee | 130.00 | | 130.00 | 64079708 |
| 07/22/2021 | dep | 07/2021 | Holding Fee | 250.00 | | 380.00 | 64079712 |
| 07/22/2021 | | 07/2021 | chk# :ACH-WEB Online Payment - EFT Payment. RENTCafe Web NSFed by ctrl# 21599801 Automatic NSF XV0SF5VMLJ2, Return Code: R10 Unauthorized | | 130.00 | 250.00 | 21565876 |
| 07/22/2021 | | 07/2021 | chk# :ACH-WEB Online Payment - EFT Payment. RENTCafe Web NSFed by ctrl# 21599802 Automatic NSF 3W0SF5VMLJ2, Return Code: R10 Unauthorized | | 250.00 | 0.00 | 21565879 |
| 08/03/2021 | nsff | 08/2021 | Returned check charge | 85.00 | | 85.00 | 64167662 |
| 08/03/2021 | nsff | 08/2021 | Returned check charge | 85.00 | | 170.00 | 64167663 |
| 08/03/2021 | | 08/2021 | chk# :ACH-WEB NSF receipt Ctrl# 21565876 | | (130.00) | 300.00 | 21599801 |
| 08/03/2021 | | 08/2021 | chk# :ACH-WEB NSF receipt Ctrl# 21565879 | | (250.00) | 550.00 | 21599802 |
| 08/23/2021 | dep | 08/2021 | :Deposit credit | (250.00) | | 300.00 | 64187606 |
| 08/23/2021 | canc | 08/2021 | Cancellation Fee | 250.00 | | 550.00 | 64187607 |

135580-A-229

Scanned with CamScanner

# COMPOSITE EXHIBIT M

Michael Alpuin



March 24, 2023

Equifax
P.O. Box 740256
Atlanta, GA 30374
*Sent via Certified Mail*

> **Re:     Disputed Item on my Credit Report**
> **Date of Birth:**
> **Last 4 of SSN:**

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the National Credit Systems Inc and Transworld Systems Inc accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

NATIONAL CREDIT SYSTEMS INC xxxxx
TRANSWORLD SYSTEMS INC xxxxx

but this dispute applies to the account even if the account number changes.

Please see my attached Equifax credit report, where I have highlighted the disputed item. My account is improperly reported because both accounts are the same account and they both have balances that are due.

There is improper reporting of my National Credit Systems Inc and Transworld Systems Inc accounts from 07/07/2022 and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems Inc and Transworld Systems Inc accounts as indicated in this letter and identified in my attached Equifax credit report.

I have enclosed statements from National Credit Systems and Transworld Systems as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

**Michael Alpuin**

Enc.     Excerpt from Equifax Credit Report;
         Driver's License Copy;
         Statements from National Credit Systems and Transworld Systems

# 10. Collections

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

### Date Reported: Mar 05, 2023

| | | | |
|---|---|---|---|
| Collection Agency | NATIONAL CREDIT SYSTEMS INC | Balance Date | Mar 05, 2023 |
| Original Creditor Name | WATERVUE AT LONGWOOD APTS | Account Designator Code | JOINT_ACCOUNT |
| Date Assigned | Jul 19, 2022 | Account Number | xxxx |
| Original Amount Owed | $550 | Creditor Classification | Rental or Leasing |
| Amount | $550 | Last Payment Date | |
| Status Date | Mar 05, 2023 | Date of First Delinquency | |
| Status | UNPAID | | |

## Comments

Consumer disputes this account information

## Contact

NATIONAL CREDIT SYSTEMS INC
3750 NATURALLY FRESH BLVD
ATLANTA, GA  30349
1-404-629-9595

**Date Reported: Feb 28, 2023**

| | | | |
|---|---|---|---|
| Collection Agency | TRANSWORLD SYSTEMS INC | Balance Date | Feb 28, 2023 |
| Original Creditor Name | KATHLEEN POINTE | Account Designator Code | MAKER |
| Date Assigned | Jul 07, 2022 | Account Number | xxxxxx |
| Original Amount Owed | $550 | Creditor Classification | Rental or Leasing |
| Amount | $550 | Last Payment Date | |
| Status Date | Feb 28, 2023 | Date of First Delinquency | |
| Status | UNPAID | | |

## Comments

Account previously in dispute – now resolved by data furnisher

Affected by natural disaster

## Contact

TRANSWORLD SYSTEMS INC
2235 MERCURY WAY STE 275
SANTA ROSA, CA  95407
1-800-771-3708



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

███████████

Re: Our Reference No(s).    Creditor    Balance Due
███████      WATERVUE AT LONGWOOD    $550.00
              Account No.: ████████

Dear MICHAEL ALPUIN :

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account ██████████

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account ██████████ on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

135580-A-228

Scanned with CamScanner

## National Credit Systems, Inc

P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN



Reference: ▆▆▆▆▆▆

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number ▆▆▆▆▆

| | |
|---|---|
| As of 08/24/2021 you owed: | $550.00 |
| Between 08/24/2021 and today: | |
| You were charged this amount in interest: + | $0.00 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: - | $0.00 |
| **Total amount of the debt now:** | **$550.00** |

**How can you dispute the debt?**

🖊 Call or write to us by **August 29, 2022**, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

✎ If you write to us by **August 29, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

✎ Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by **August 29, 2022**, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

⌨ Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

☞ Contact us about your payment options.

Notice: See reverse side for important information.

---

✂

DEPT 855   6744407422075
PO BOX 4115
CONCORD CA 94524

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

ADDRESS SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||||||

MICHAEL ALPUIN
▆▆▆▆▆▆▆▆▆▆▆▆

**How do you want to respond?**

*Check all that apply:*

☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount:  $▆▆▆
Make your check payable to National Credit Systems.
Include the Reference #: ▆▆▆▆▆▆▆▆

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA 30006

||||||||||||||||||||||||||||||||||||||||||||||||||

ATL13-0725-1708708302-02500-2500

S10845763230

Scanned with CamScanner

Michael Alpuin

Experian
P.O. Box 4500
Allen, TX 75013
*Sent via Certified Mail*

> **Re:**   **Disputed Item on my Credit Report**
> **Date of Birth:**
> **Last 4 of SSN:**

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the National Credit Systems and Transworld System Inc/94 accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

NATIONAL CREDIT SYSTEM
TRANSWORLD SYSTEM INC/

but this dispute applies to the account even if the account number changes.

Please see my attached Experian credit report, where I have highlighted the disputed item. My account is improperly reported because both accounts are the same account and they both have balances that are due.

There is improper reporting of my National Credit Systems and Transworld System Inc/94 accounts from 07/07/2022 and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems and Transworld System Inc/94 accounts as indicated in this letter and identified in my attached Experian credit report.

I have enclosed statements from National Credit Systems and Transworld Systems as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

**Michael Alpuin**

Enc.   Excerpt from Experian Credit Report;
Driver's License Copy;
Statements from National Credit Systems and Transworld Systems

Address                    1447 2ND ST STE 200,
                           SANTA MONICA CA 90401

| | | |
|---|---|---|
| Acc | Balance | $550 |
| | Balance Updated | 01/29/2023 |
| Acc | Recent Payment | $0 |
| Acc | Monthly Payment | $0 |
| Res | Original Balance | $550 |
| Date | Highest Balance | $0 |
| Status | Collection account. $550 past due as of Jan 2023. | Terms | 1 Months |
| | On Record Until | May 2028 |
| Status Updated | Jul 2022 | | |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | C | — | — | — | — | — | — | — | — | — | — | — |
| 2022 | — | — | — | — | — | — | — | — | C | C | C | C |

C   Collection

### Payment history guide

Collection as of Jan 2023, Jan 2023, Jan 2023, Jan 2023, Dec 2022, Dec 2022, Dec 2022, Dec 2022, Nov 2022, Nov 2022, Nov 2022, Oct 2022, Oct 2022, Oct 2022, Oct 2022, Oct 2022, Sep 2022

## Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2022 | $550 | $0 | $0 |
| Nov 2022 | $550 | $0 | $0 |
| Oct 2022 | $550 | $0 | $0 |
| Sep 2022 | $550 | $0 | $0 |

### Additional info

The original amount of this account was $550

---



### Historical Info

Original Creditor      WATERVUE AT LONGWOOD APTS

---



### Contact Info

Address      PO BOX 312125, ATLANTA GA 31131

Phone Number      (404) 629-9595

---



### Comment

### Current:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

### Previous:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Invalid date, Invalid date, Invalid date, Invalid date



## Historical Info

Original Creditor      CAPITAL ONE BANK USA
NATION



## Contact Info

Address      650 DUNDEE RD STE 370,
NORTHBROOK IL 60062

Phone Number      (800) 708-7071



## Comment

### Current:

Account information disputed by consumer (Meets
requirement of the Fair Credit Reporting Act).

### Previous:

Account information disputed by consumer (Meets
requirement of the Fair Credit Reporting Act).

Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date,
Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date,
Invalid date, Invalid date, Invalid date, Invalid date



## Reinvestigation Info

This item was updated from our processing of your
dispute in Feb 2022.



# ⊗ TRANSWORLD SYSTEM INC/94
### Potentially Negative

## Account Info

| | | | |
|---|---|---|---|
| Acc |  | Balance | $550 |
| Acc | | Balance Updated | 01/24/2023 |
| Acc | | Recent Payment | $0 |
| Res | | Monthly Payment | $0 |
| Dat | | Original Balance | $550 |
| Status | Collection account. $550 past due as of Jan 2023. | Highest Balance | $0 |
| | | Terms | 1 Months |
| | | On Record Until | May 2028 |
| Status Updated | Jul 2022 | | |

## Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | C | — | — | — | — | — | — | — | — | — | — | — |
| 2022 | — | — | — | — | — | — | — | — | C | C | C | C |

C   Collection

### Payment history guide

Collection as of Jan 2023, Jan 2023, Dec 2022, Dec 2022, Nov 2022, Nov 2022, Nov 2022, Oct 2022, Oct 2022, Oct 2022, Sep 2022

 **Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| **Dec 2022** | $550 | $0 | $0 |
| **Nov 2022** | $550 | $0 | $0 |
| **Oct 2022** | $550 | $0 | $0 |
| **Sep 2022** | $550 | $0 | $0 |
| **Sep 2022** | $550 | $0 | $0 |

## Additional info

The original amount of this account was $550



## Historical Info

| Original Creditor | KATHLEEN POINTE |
|-------------------|-----------------|



## Contact Info

| Address | PO BOX 15095, WILMINGTON DE 19850 |
|---------|-----------------------------------|
| Phone Number | (877) 865-7686 |



## Comment



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN
███████████████

Re:  Our Reference No(s).     Creditor            Balance Due
     ███████              WATERVUE AT LONGWOOD      $550.00
                          Account No.: ███████

Dear MICHAEL ALPUIN :

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account ███████████

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account ███████ on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

Scanned with CamScanner



**National Credit Systems, Inc**
P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN

Reference: ▇

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number ▇.

| | | |
|---|---|---|
| As of 08/24/2021 you owed: | | $550.00 |
| Between 08/24/2021 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $0.00 |
| **Total amount of the debt now:** | | **$550.00** |

**How can you dispute the debt?**

Call or write to us by August 29, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

If you write to us by August 29, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 29, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

Contact us about your payment options.

Notice: See reverse side for important information.

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPT 855     6744407422075
PO BOX 4115
CONCORD CA  94524

║█║█║║█║█║█║█║█║█║█║█║█║█║█║█║█║█║█║█║█║█║█║

ADDRESS SERVICE REQUESTED

║█║║█║║█║║█║║█║║█║║█║║█║║█║║█║║█║

MICHAEL ALPUIN

▇

**How do you want to respond?**

*Check all that apply:*

☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount: | $. |

Make your check payable to National Credit Systems. Include the Reference #: ▇

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA  30006

║█║║█║║█║║█║║█║║█║║█║║█║║█║║█║║█║║█║

ATL13-0725-1708700001-02500-2500

S108457&0230

Scanned with CamScanner

Michael Alpuin



March 24, 2023

Trans Union Consumer Solutions
P.O. Box 2000
Chester, PA 19016-2000
*Sent via Certified Mail*

      **Re:**    **Disputed Item on my Credit Report**
              **Date of Birth:**
              **Last 4 of SSN:**

To Whom It May Concern:

      This letter is intended to dispute the recent delinquencies reported on the National Credit Systems and Transworld Systems accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

      NATIONAL CREDIT SYSTEMS   **\***
      TRANSWORLD SYSTEMS   **\*\*\*\***

but this dispute applies to the account even if the account number changes.

      Please see my attached Trans Union credit report, where I have highlighted the disputed items. My account is improperly reported because both accounts are the same account and they both have balances that are due.

      There is improper reporting of my National Credit Systems and Transworld Systems accounts from 07/07/2022 and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems and Transworld Systems accounts as indicated in this letter and identified in my attached Trans Union credit report.

      I have enclosed statements from National Credit Systems and Transworld Systems as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

                          Regards,

                          **Michael Alpuin**

Enc.    Excerpt from Trans Union Credit Report;
         Driver's License Copy;
         Statements from National Credit Systems and Transworld Systems

| | |
|---|---|
| **Phone** | (800) 580-3912 |
| **Date Opened** | 10/27/2022 |
| **Responsibility** | Individual Account |
| **Account Type** | Open Account |
| **Loan Type** | COLLECTION AGENCY/ATTORNEY |
| **Balance** | $220 |
| **Date Updated** | 03/13/2023 |
| **High Balance** | $220 |
| **Original Creditor** | CRUNCH WINTER SPRINGS |
| **Past Due** | $220 |
| **Pay Status** | >Collection< |
| **Estimated month and year this item will be removed** | 06/2029 |
| **Remarks** | >PLACED FOR COLLECTION< |

NATIONAL CREDIT SYSTEMS ▇▇
**Account Information**

| | |
|---|---|
| **Address** | PO BOX 312125 ATLANTA GA 31131-2125 |
| **Phone** | (404) 629-9595 |
| **Date Opened** | 07/19/2022 |
| **Responsibility** | Joint Account |
| **Account Type** | Open Account |
| **Loan Type** | COLLECTION AGENCY/ATTORNEY |
| **Balance** | $550 |
| **Date Updated** | 03/12/2023 |
| **High Balance** | $550 |

| Original Creditor | WATERVUE AT LONGWOOD APTS |
| --- | --- |
| Past Due | $550 |
| Pay Status | >Collection< |
| Estimated month and year this item will be removed | 07/2028 |
| Remarks | Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION< |

THE BUREAUS█████****

## Account Information

| Address | 650 Dundee Rd,Suite 370 Northbrook, IL 60062 |
| --- | --- |
| Phone | (847) 328-4300 |
| Date Opened | 02/20/2020 |
| Responsibility | Individual Account |
| Account Type | Open Account |
| Loan Type | COLLECTION AGENCY/ATTORNEY |
| Balance | $586 |
| Date Updated | 02/19/2023 |
| Last Payment Made | 05/31/2019 |
| High Balance | $586 |
| Original Creditor | CAPITAL ONE BANK USA NATION |
| Past Due | $586 |
| Pay Status | >Collection< |
| Estimated month and year this item will be removed | 07/2026 |
| Remarks | Account information disputed by consumer (FCRA); >PLACED FOR COLLECTION< |

TRANSWORLD SYSTEM ████ ****

## Account Information

| | |
|---|---|
| Address | PO BOX 15095 WILMINGTON, DE 19850 |
| Phone | (877) 865-7686 |
| Date Opened | 07/07/2022 |
| Responsibility | Primary Borrower on Account |
| Account Type | Open Account |
| Loan Type | COLLECTION AGENCY/ATTORNEY |
| Balance | $550 |
| Date Updated | 02/28/2023 |
| High Balance | $550 |
| Original Creditor | KATHLEEN POINTE |
| Past Due | $550 |
| Pay Status | >Collection< |
| Estimated month and year this item will be removed | 07/2028 |
| Remarks | Account previously in dispute-now resolved, reported by credit grant; AFFCTD BY NTRL/DCLRD DISASTR; >PLACED FOR COLLECTION< |

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

AMERICAN EXPRES█████ ****

## Account Information

| | |
|---|---|
| Address | PO BOX 981537 EL PASO, TX 79998 |
| Phone | (800) 874-2717 |
| Date Opened | 12/24/2016 |



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

Re:  Our Reference No(s).        Creditor                          Balance Due
                                 WATERVUE AT LONGWOOD              $550.00
                                 Account No.:

Dear MICHAEL ALPUIN:

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account          on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

Scanned with CamScanner

## National Credit Systems, Inc

P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN



Reference:

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number

| | | |
|---|---|---|
| As of 08/24/2021 you owed: | | $550.00 |
| Between 08/24/2021 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | - | $0.00 |
| Total amount of the debt now: | | $550.00 |

**How can you dispute the debt?**

Call or write to us by **August 29, 2022**, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

If you write to us by **August 29, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 29, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

Contact us about your payment options.

**Notice:** See reverse side for important information.

---

DEPT 855    6744407422075
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

MICHAEL ALPUIN

**How do you want to respond?**

*Check all that apply:*

☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount: $

Make your check payable to National Credit Systems. Include the Reference #:

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA 30006

ATL13-0725-1768708302-02500-2500

Scanned with CamScanner

# COMPOSITE EXHIBIT N

Kayla Mutunhu



March 27, 2023

Equifax
P.O. Box 740256
Atlanta, GA 30374
*Sent via Certified Mail*

> **Re:     Disputed Item on my Credit Report**
> **Date of Birth:** ▮▮▮▮▮
> **Last 4 of SSN:** ▮▮

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the National Credit Systems Inc and Transworld Systems Inc accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

NATIONAL CREDIT SYSTEMS INC xxxxx▮
TRANSWORLD SYSTEMS INC xxxxx▮

but this dispute applies to the account even if the account number changes.

Please see my attached Equifax credit report, where I have included the disputed item. My account is improperly reported because both accounts are the same account and they both have balances that are due.

There is improper reporting of my National Credit Systems Inc and Transworld Systems Inc accounts from 07/07/2022  and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems Inc and Transworld Systems Inc accounts as indicated in this letter and identified in my attached Equifax credit report.

I have enclosed statements from National Credit Systems and Transworld Systems  as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

**Kayla Mutunhu**

Enc.    Excerpt from Equifax Credit Report;
        Driver's License Copy;
        Statements from National Credit Systems and Transworld Systems

# 10. Collections

Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score.

## Date Reported: Mar 05, 2023

| | | | |
|---|---|---|---|
| **Collection Agency** | NATIONAL CREDIT SYSTEMS INC | **Balance Date** | Mar 05, 2023 |
| **Original Creditor Name** | WATERVUE AT LONGWOOD APTS | **Account Designator Code** | JOINT_ACCOUNT |
| **Date Assigned** | Jul 19, 2022 | **Account Number** | xxxxx |
| **Original Amount Owed** | $550 | **Creditor Classification** | Rental or Leasing |
| **Amount** | $550 | **Last Payment Date** | |
| **Status Date** | Mar 05, 2023 | **Date of First Delinquency** | |
| **Status** | UNPAID | | |

## Comments

Consumer disputes this account information

## Contact

NATIONAL CREDIT SYSTEMS INC
3750 NATURALLY FRESH BLVD
ATLANTA, GA  30349
1-404-629-9595

**Date Reported: Feb 28, 2023**

| | | | |
|---|---|---|---|
| **Collection Agency** | TRANSWORLD SYSTEMS INC | **Balance Date** | Feb 28, 2023 |
| **Original Creditor Name** | KATHLEEN POINTE | **Account Designator Code** | CO_MAKER |
| **Date Assigned** | Jul 07, 2022 | **Account Number** | xxxxxx |
| **Original Amount Owed** | $550 | **Creditor Classification** | Rental or Leasing |
| **Amount** | $550 | **Last Payment Date** | |
| **Status Date** | Feb 28, 2023 | **Date of First Delinquency** | |
| **Status** | UNPAID | | |

## Comments

Account previously in dispute – now resolved by data furnisher

Affected by natural disaster

## Contact

TRANSWORLD SYSTEMS INC
2235 MERCURY WAY STE 275
SANTA ROSA, CA  95407
1-800-771-3708



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

Re:   Our Reference No(s).          Creditor                          Balance Due
                                    WATERVUE AT LONGWOOD                $550.00
                                    Account No.:

Dear MICHAEL ALPUIN:

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor
that corresponds to account

In addition, please be advised that we have contacted the credit bureaus, with which we do business,
with our request to place our listing of account            on your credit profile in a disputed
status. Please be advised that we cannot effect a change to how any other company may have listed the
above account on your credit profile. Should you have any information that will assist us further, please
contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

Scanned with CamScanner



**National Credit Systems, Inc**
P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN

Reference:

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number

| | |
|---|---|
| As of 08/24/2021 you owed: | $550.00 |
| Between 08/24/2021 and today: | |
| You were charged this amount in interest: + | $0.00 |
| You were charged this amount in fees: + | $0.00 |
| You paid or were credited this amount toward the debt: − | $0.00 |
| **Total amount of the debt now:** | **$550.00** |

**How can you dispute the debt?**

Call or write to us by August 29, 2022, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

If you write to us by August 29, 2022, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 29, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

Contact us about your payment options.

**Notice:** See reverse side for important information.

---

DEPT 855    6744407422075
PO BOX 4115
CONCORD CA 94524

ADDRESS SERVICE REQUESTED

MICHAEL ALPUIN

**How do you want to respond?**

Check all that apply:
- ☐ I want to dispute the debt because I think:
    - ☐ This is not my debt.
    - ☐ The amount is wrong.
    - ☐ Other (please describe on reverse or attach additional information).
- ☐ I want you to send me the name and address of the original creditor.
- ☐ I enclosed this amount: $ [          ]

Make your check payable to National Credit Systems.
Include the Reference #:

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA 30006

ATL13-0725-1768708902-02500-2500

S13845763230

Scanned with CamScanner

Ka la Mutunhu



March 27, 2023

Experian
P.O. Box 4500
Allen, TX 75013
*Sent via Certified Mail*

> **Re:    Disputed Item on my Credit Report**
> **Date of Birth:**
> **Last 4 of SSN:**

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the National Credit Systems and Transworld System Inc/94 accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

NATIONAL CREDIT SYSTEMS       X
TRANSWORLD SYSTEM INC       XX

but this dispute applies to the account even if the account number changes.

Please see my attached Experian credit report, where I have included the disputed item. My account is improperly reported because both accounts are the same account and they both have balances that are due.

There is improper reporting of my National Credit Systems and Transworld System Inc/94 accounts from 07/07/2022 and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems and Transworld System Inc/94 accounts as indicated in this letter and identified in my attached Experian credit report.

I have enclosed statements from National Credit Systems and Transworld Systems as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

**Kayla Mutunhu**

Enc.    Excerpt from Experian Credit Report;
Driver's License Copy;
Statements from National Credit Systems and Transworld Systems

| Mar 2021 | $309 | $35 | $0 on 2/12/2021 |

### Additional info

Between Mar 2021 and Feb 2023, your credit limit/high balance was $7,200

 ### Contact Info

| Address | PO BOX 30939,<br>SALT LAKE CITY UT 84130 |
| Phone Number | (800) 347-2683 |

# NATIONAL CREDIT SYSTEMS
## Potentially Negative

 ### Account Info

| Account Name | NATIONAL CREDIT SYSTEMS | Balance | $550 |
| | | Balance Updated | 03/05/2023 |
| Account Number | ▉▉▉ | Recent Payment | $0 |
| Account Type | Collection | Monthly Payment | $0 |
| Responsibility | Joint with MICHAEL ALPUIN | Original Balance | $550 |
| Date Opened | 07/19/2022 | Highest Balance | $0 |
| Status | Collection account. $550 past due as of Mar 2023. | Terms | 1 Months |
| | | On Record Until | May 2028 |
| Status Updated | Jul 2022 | | |

### Payment History

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | C   | C   | C   | —   | —   | —   | —   | —   | —   | —   | —   | —   |
| 2022 | —   | —   | —   | —   | —   | —   | —   | —   | —   | C   | C   | C   |

C    Collection

## Payment history guide

Collection as of Mar 2023, Feb 2023, Feb 2023, Feb 2023, Feb 2023, Jan 2023, Jan 2023, Jan 2023, Jan 2023, Dec 2022, Dec 2022, Dec 2022, Dec 2022, Nov 2022, Nov 2022, Nov 2022, Oct 2022, Oct 2022, Oct 2022, Oct 2022, Oct 2022, Sep 2022



## Balance Histories

| Date     | Balance | Scheduled Payment | Paid |
|----------|---------|-------------------|------|
| Feb 2023 | $550    | $0                | $0   |
| Jan 2023 | $550    | $0                | $0   |
| Dec 2022 | $550    | $0                | $0   |
| Nov 2022 | $550    | $0                | $0   |
| Oct 2022 | $550    | $0                | $0   |
| Sep 2022 | $550    | $0                | $0   |

## Additional info

The original amount of this account was $550



## Historical Info

| Original Creditor | WATERVUE AT LONGWOOD APTS |
|-------------------|---------------------------|

Annual Credit Report - Experian                                                                        3/12/23, 9:57 PM

 ## Contact Info

| Address | PO BOX 312125, ATLANTA GA 31131 |
| --- | --- |
| Phone Number | (404) 629-9595 |

 ## Comment

### Current:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

### Previous:

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Invalid date, Invalid date, Invalid date, Invalid date, Invalid date, Invalid date

# TRANSWORLD SYSTEM INC/94
## Potentially Negative

 ## Account Info

| Account Name | TRANSWORLD SYSTEM INC/94 | Balance | $550 |
| --- | --- | --- | --- |
| | | Balance Updated | 02/28/2023 |
| Account Number | ▮▮▮XX | Recent Payment | $0 |
| Account Type | Collection | Monthly Payment | $0 |
| Responsibility | Co-signer with MICHAEL ALPUIN | Original Balance | $550 |
| Date Opened | 07/07/2022 | Highest Balance | $0 |
| Status | Collection account. $550 past due as of Feb 2023. | Terms | 1 Months |
| | | On Record Until | May 2028 |
| Status Updated | Jul 2022 | | |

 ## Payment History

|      | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | C   | C   | —   | —   | —   | —   | —   | —   | —   | —   | —   | —   |
| 2022 | —   | —   | —   | —   | —   | —   | —   | —   | C   | C   | C   | C   |

C    Collection

### Payment history guide

Collection as of Feb 2023, Feb 2023, Jan 2023, Jan 2023, Dec 2022, Dec 2022, Nov 2022, Nov 2022, Nov 2022, Oct 2022, Oct 2022, Oct 2022, Sep 2022

---

 ## Balance Histories

| Date     | Balance | Scheduled Payment | Paid |
|----------|---------|-------------------|------|
| Jan 2023 | $550    | $0                | $0   |
| Dec 2022 | $550    | $0                | $0   |
| Nov 2022 | $550    | $0                | $0   |
| Oct 2022 | $550    | $0                | $0   |
| Sep 2022 | $550    | $0                | $0   |
| Sep 2022 | $550    | $0                | $0   |

### Additional info

The original amount of this account was $550

---

 ## Historical Info

Original Creditor          KATHLEEN POINTE

---

## Contact Info

| Address | PO BOX 15095,
WILMINGTON DE 19850 |
| --- | --- |
| Phone Number | (877) 865-7686 |

 **Comment**

**Current:**

Account previously in dispute – investigation complete,
reported by data furnisher

Affected by natural or declared disaster.

**Previous:**

Affected by natural or declared disaster.

Invalid date, Invalid date, Invalid date, Invalid date, Invalid date

Account previously in dispute – investigation complete,
reported by data furnisher

Invalid date, Invalid date, Invalid date, Invalid date

Account information disputed by consumer (Meets
requirement of the Fair Credit Reporting Act).

Invalid date

# Public Records

Information gathered from courts or other government agencies about legal matters
associated with you. The most common Public Records are bankruptcies, tax liens, and
monetary judgments.

**No public records reported.**

# Hard Inquiries



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

Re:  Our Reference No(s).   Creditor                    Balance Due
                           WATERVUE AT LONGWOOD          $550.00
                           Account No.:

Dear MICHAEL ALPUIN :

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account                     on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

135560-A-228

Scanned with CamScanner

# National Credit Systems, Inc

P.O. Box 672288 Marietta, GA 30006
Phone: (404) 629-2728
Toll Free: (800) 459-1539

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am - 5:00 pm EST

To: MICHAEL ALPUIN

Reference:

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

**Our information shows:**

You owe Watervue at Longwood Apts with account number ████.

| | | |
|---|---|---|
| As of 08/24/2021 you owed: | | $550.00 |
| Between 08/24/2021 and today: | | |
| You were charged this amount in interest: | + | $0.00 |
| You were charged this amount in fees: | + | $0.00 |
| You paid or were credited this amount toward the debt: | − | $0.00 |
| Total amount of the debt now: | | $550.00 |

**How can you dispute the debt?**

- Call or write to us by **August 29, 2022**, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

- If you write to us by **August 29, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

**What else can you do?**

- Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by **August 29, 2022**, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

- Go to www.cfpb.gov/debt-collection to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

- Contact us about your payment options.

**Notice:** See reverse side for important information.

---

✂

DEPT 855    6744407422075
PO BOX 4115
CONCORD CA 94524

|||||||||||||||||||||||||||||||||||||||||||||||||||||

ADDRESS SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||||||||||||||

MICHAEL ALPUIN

**How do you want to respond?**

*Check all that apply:*
- ☐ I want to dispute the debt because I think:
  - ☐ This is not my debt.
  - ☐ The amount is wrong.
  - ☐ Other (please describe on reverse or attach additional information):

- ☐ I want you to send me the name and address of the original creditor.

- ☐ I enclosed this amount: $ _____

Make your check payable to National Credit Systems.
Include the Reference #: ████6628

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA 30006

|||||||||||||||||||||||||||||||||||||||||||||||||||||

ATL13-0725-1768708302-02500-2500

S108457b3230

Scanned with CamScanner

Kayla Mutunhu



March 27, 2023

Trans Union Consumer Solutions
P.O. Box 2000
Chester, PA 19016-2000
*Sent via Certified Mail*

> **Re:** **Disputed Item on my Credit Report**
> **Date of Birth:**
> **Last 4 of SSN:**

To Whom It May Concern:

This letter is intended to dispute the recent delinquencies reported on the National Credit Systems and Transworld Systems accounts as indicated on my credit report and includes all relevant information pertaining to that account. The relevant partial account numbers are

NATIONAL CREDIT SYSTEM **\*\***
TRANSWORLD SYSTEMS **\*\*\*\***


but this dispute applies to the account even if the account number changes.

Please see my attached Trans Union credit report, where I have included the disputed items. My account is improperly reported because both accounts are the same account and they both have balances that are due.

There is improper reporting of my National Credit Systems and Transworld Systems accounts from 07/07/2022 and 07/19/2022 through current. I dispute the improper reporting on the National Credit Systems and Transworld Systems accounts as indicated in this letter and identified in my attached Trans Union credit report.

I have enclosed statements from National Credit Systems and Transworld Systems as proof that these are the same account. I request that you delete or correct the disputed information. Thank you for your attention to this matter.

Regards,

**Kayla Mutunhu**

Enc.   Excerpt from Trans Union Credit Report;
       Driver's License Copy;
       Statements from National Credit Systems and Transworld Systems

### Account Name

NATIONAL CREDIT SYSTEMS ▮**

## Account Information

| | |
|---|---|
| **Address** | PO BOX 312125 ATLANTA, GA 31131-21 |
| **Phone** | (404) 629-95 |
| **Date Opened** | 07/19/2C |
| **Responsibility** | Joint Accou |
| **Account Type** | Open Accou |
| **Loan Type** | COLLECTION AGENCY/ATTORN |
| **Balance** | $5 |
| **Date Updated** | 03/05/2C |
| **High Balance** | $5 |
| **Original Creditor** | WATERVUE AT LONGWOOD AF |
| **Past Due** | $5 |
| **Pay Status** | >Collectic |
| **Estimated month and year this item will be removed** | 07/20 |
| **Remarks** | Account information disputed by consumer (FCR<br>>PLACED FOR COLLECTIO |

TRANSWORLD SYSTEMS ▮****

## Account Information

3/12/23, 9:49 PM

| | |
|---|---|
| **Address** | PO BOX 15095 WILMINGTON, DE 198 |
| **Phone** | (877) 865-76 |
| **Date Opened** | 07/07/20 |
| **Responsibility** | Co-Signor on Accou |
| **Account Type** | Open Accou |
| **Loan Type** | COLLECTION AGENCY/ATTORN |
| **Balance** | $5 |
| **Date Updated** | 02/28/20 |
| **High Balance** | $5 |
| **Original Creditor** | KATHLEEN POIN |
| **Past Due** | $5 |
| **Pay Status** | >Collectio |
| **Estimated month and year this item will be removed** | 07/20 |
| **Remarks** | Account previously in dispute-now resolved. report by credit grant; AFFCTD BY NTRL/DCLRD DISAS >PLACED FOR COLLECTIO |

## Satisfactory Accounts

The following accounts are reported with no adverse information. For your protection, your account numbers have been partially masked, and in some cases scrambled. Please note: Accounts are reported as "Current; Paid or paying as agreed" if paid within 30 days of the due date. Accounts reported as Current may still incur late fees or interest charges if not paid on or before the due date.

Account Name



Transworld Systems Inc.
500 Virginia Drive | Suite 514 | Ft. Washington, PA 19034
Phone: (877) 282-1250
Hours of Operation: M-F 8:00am-5:00pm ET

10/17/22

https://payments.tsico.com

MICHAEL ALPUIN

Re:   Our Reference No(s).                    Creditor                              **Balance Due**
                                              WATERVUE AT LONGWOOD                   $550.00
                                              Account No.:

Dear MICHAEL ALPUIN :

Thank you for your inquiry regarding the above-referenced account(s).

In response to your request for validation, provided herein are the materials obtained from the creditor that corresponds to account

In addition, please be advised that we have contacted the credit bureaus, with which we do business, with our request to place our listing of account                              on your credit profile in a disputed status. Please be advised that we cannot effect a change to how any other company may have listed the above account on your credit profile. Should you have any information that will assist us further, please contact the undersigned.

We appreciate the opportunity to respond to your inquiry.

Very truly yours,

Transworld Systems Inc.

Enclosure(s)

This is a communication from a debt collector.

Calls to or from Transworld Systems Inc. may be monitored or recorded.

Page 1 of 1

135580-A-228

Scanned with CamScanner

## National Credit Systems, Inc

P.O. Box 672288 Marietta, GA 30006
Phone: **(404) 629-2728**
Toll Free: **(800) 459-1539**

Monday - Thursday 8:00 am - 7:00 pm EST
Friday 8:00 am  - 5:00 pm EST

To: MICHAEL ALPUIN



Reference:

**NCS is a debt collector.** We are trying to collect a debt that you owe to Watervue at Longwood Apts. We will use any information you give us to help collect the debt.

### Our information shows:

You owe Watervue at Longwood Apts with account number
.

| | |
|---|---|
| As of 08/24/2021 you owed: | $550.00 |
| Between 08/24/2021 and today: | |
| You were charged this amount in interest:   + | $0.00 |
| You were charged this amount in fees:   + | $0.00 |
| You paid or were credited this amount toward the debt: | $0.00 |
| **Total amount of the debt now:** | **$550.00** |

### How can you dispute the debt?

 Call or write to us by **August 29, 2022**, to dispute all or part of the debt. If you do not, we will assume that our information is correct.

If you write to us by **August 29, 2022**, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents. We accept disputes electronically at www.nationalcreditsystems.com.

### What else can you do?

 Write to ask for the name and address of the original creditor, if different from the current creditor. If you write by August 29, 2022, we must stop collection until we send you that information. You may use the form below or write to us without the form. We accept such requests electronically at www.nationalcreditsystems.com.

 Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

☞ Contact us about your payment options.

---

Notice: See reverse side for important information.

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEPT 855    6744407422075
PO BOX 4115
CONCORD CA  94524

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||

ADDRESS SERVICE REQUESTED

||||||||||||||||||||||||||||||||||||||||||||

MICHAEL ALPUIN

### How do you want to respond?

*Check all that apply:*

☐ I want to dispute the debt because I think:
  ☐ This is not my debt.
  ☐ The amount is wrong.
  ☐ Other (please describe on reverse or attach additional information).

☐ I want you to send me the name and address of the original creditor.

☐ I enclosed this amount:    $

Make your check payable to National Credit Systems.
Include the Reference #:

Mail this form to:

NATIONAL CREDIT SYSTEMS, INC.
PO BOX 672288
MARIETTA GA  30006

|||||||||||||||||||||||||||||||||||||||||||||||||||

ATL13-0725-1768708302-02500-2500

S10845763230

Scanned with CamScanner

# EXHIBIT O



MICHAEL J ALPERN

We applaud your recent efforts to take charge of your credit. We want you to know we're on your side, and we're here to help support you on your path toward credit health.

We recently received a request that included your information, but it didn't appear that you or a properly authorized third party sent it to us. We take the privacy and security of your data very seriously, so we won't process requests unless they come directly from you or an authorized third party. If you're working with a third party such as a credit repair company or "credit clinic", they have to identify themselves in their communications to us, and provide proof that you've authorized them to communicate with us on your behalf.

It's important to know that if you see something on your TransUnion credit report that you believe is inaccurate, you can dispute it easily and securely on your own for free, without paying a fee to any company. If you've hired a credit repair company and they insist on payment up front, encourage you to misrepresent your credit information or instruct you not to contact a credit reporting agency directly, they are not acting lawfully. Learn more about credit repair and your rights at transunion.com/repairletter.

If you feel you received this letter in error, please contact us to confirm your identity and the information you wish to dispute. You may do this by visiting transunion.com/credit-disputes and selecting "Start Dispute", or you may contact us by phone at 800-916-8800 Monday - Friday 8:00AM - 11:00PM Eastern and on Saturday & Sunday 8:00AM - 5:00PM Eastern, excluding holidays.

You can count on us as a resource as you work to achieve your credit health goals - we want you to be able to get the financial opportunities you deserve.

Sincerely,

Your TransUnion Support Team

P HRY2D-001 04740-4114/9 01:02

# EXHIBIT P

**EQUIFAX**

*CREDIT FILE : April 18, 2023*

**Confirmation #** 

Dear KAYLA H MUTUNHU:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;

- We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

You have a few options:

- You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains

(Continued On Next Page)
000001839-DISC

Page 1 of 6

3095531789-AZ3-0bd60105000000ce-04182023

P.O. Box 105518
Atlanta, GA 30348

000001839-DISC
KAYLA H MUTUNHU

medical information related to services provided or medical procedures, then you expressly consent to including this information in every credit report we issue about you.

- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.
- You may provide us additional information or documents (such as an identity theft report or a letter from the reporting company) about your dispute to help us resolve it by visiting our website https://www.equifax.com/personal/disputes. You may also mail your documents to PO Box 740256, Atlanta GA 30374-0256 or contact us by calling a Customer Representative at (888) EQUIFAX, (888) 378-4329.
- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.



**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "Deleted", we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "Verified as Reported", the reporting company has certified it is reporting accurately.
- If an item states "Updated", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: The information you disputed has been updated.

Updated disputed account information. Additional account information was also updated: The information you disputed has been updated as well as other information on this item.

Disputed information accurate. Updated account information unrelated to the dispute: The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated.

Consumer's dispute not specific. Consumer information verified. Account information updated: Information on your report has been updated.

| The Results Of Our Reinvestigation |
|---|

| Collection Agency Information | (This section includes accounts that have been placed for collection with a collection agency.) |
|---|---|

>>> **We have researched the collection account. Account # -** [ ] **The results are:** WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *STATUS DATE *BALANCE DATE  If you have additional questions about this item please contact:  **NATIONALCR, 3750 NATURALLY FRESH BLVD, ATLANTA, GA 30349-2964 Phone: (678) 244-2841**

**NATIONAL CREDIT SYSTEMS INC**  3750 NATURALLY FRESH BLVD ATLANTA GA 30349594 : (678) 244-2841

| Account Number | Date Reported | Date Assigned | Creditor Class | Client Name | Original Amount |
|---|---|---|---|---|---|
| [ ] | 04/2023 | 07/2022 | Rental/Leasing | NATIONAL CREDIT SYSTEMS INC | $550 |

| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account |
|---|---|---|---|---|---|---|
| | | | | | | |

(Continued On Next Page)
000001839-DISC

Page 3 of 6

3095531789-AZ3-068601050000000ce-04182023

| 04/2023 | Unpaid | 08/2021 | 04/2023 | $550 | | Joint Account |

ADDITIONAL INFORMATION:
*Consumer Disputes This Account Information*
Collection Account

>>> *We have researched the collection account. Account # -* ▮ *The results are;* WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED *ADDITIONAL INFORMATION *STATUS DATE *BALANCE DATE   If you have additional questions about this item please contact   *TRANSWORLD, 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407-5463 Phone: (800) 771-3708*

**TRANSWORLD SYSTEMS INC** 2235 MERCURY WAY STE 275 SANTA ROSA CA 95407-5463 : (800) 771-3708

| Account Number | | Date Reported | Date Assigned | Creditor Class | Client Name | | Original Amount |
|---|---|---|---|---|---|---|---|
| ▮ | | 04/2023 | 07/2022 | Rental/Leasing | TRANSWORLD SYSTEMS INC | | $550 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account | |
| 04/2023 | Unpaid | 08/2021 | 04/2023 | $550 | | Co-Maker Or Co-Signer | |

ADDITIONAL INFORMATION:
*Consumer Disputes This Account Information*
Collection Account

(Continued On Next Page)
000001839-DISC

3095531789-AZ3-0bd60105000000ce-04162023



## Notice to Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

# EXHIBIT Q


Prepared For

Personal & Confidential

**Date Generated** Apr 19, 2023
**Report Number** ▮▮▮▮▮▮

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

**TRANSWORLD SYSTEM INC/**

Account ▮▮▮▮XX

The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details.


Verified and Updated

## NATIONAL CREDIT SYSTEM

Account X



Verified and Updated

The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details.

## If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.

→ If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you.

→ You have a right to contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

→ You have a right to provide us additional information or documents about your dispute. Experian's online Dispute Center lets you easily add any pertinent documentation to a dispute. You can add documentation online when logged in on your computer or via a mobile device. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas, 75013.

→ You have a right to file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office. You may submit a complaint to the Consumer Financial Protection Bureau at www.consumerfinance.gov/complaint or by mail at Consumer Financial Protection Bureau, PO Box 4503, Iowa City, IA 52244.

**If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement,** you have a right to request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12

months for residents of Colorado, Maryland, or New York.) If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment, or apartment rental.

**If interested, you have a right to also request a description of how the reinvestigation was conducted** along with the business name, address, and telephone number (if reasonably available) of the furnisher of information.

**Thank you for helping ensure the accuracy of your credit information.** For frequently asked questions about your credit report, please visit experian.com/consumerfaqs. If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

## Know Your Rights

---

# Fair Credit Reporting Act (FCRA)

*Para información en español, visite www.consumerfinance.gov/learnmore o escribe a la Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.*

### A Summary of Your Rights Under the Fair Credit Reporting Act.

The federal Fair Credit Reporting Act (FCRA) promotes the accuracy, fairness, and privacy of information in the files of consumer reporting agencies. There are many types of consumer reporting agencies, including credit bureaus and specialty agencies (such as agencies that sell information about check writing histories, medical records, and rental history records). Here is a summary of your major rights under the FCRA. **For more information, including information about additional rights, go to www.consumerfinance.gov/learnmore or write to: Consumer Financial Protection Bureau, 1700 G Street N.W., Washington, D.C. 20552.**

**You must be told if information in your file has been used against you.** Anyone who uses

a credit report or another type of consumer report to deny your application for credit, insurance, or employment — or to take another adverse action against you — must tell you, and must give you the name, address, and phone number of the agency that provided the information.

**You have the right to know what is in your file.** You may request and obtain all the information about you in the files of a consumer reporting agency (your "file disclosure"). You will be required to provide proper identification, which may include your Social Security number. In many cases, the disclosure will be free. You are entitled to a free file disclosure if:

- a person has taken adverse action against you because of information in your credit report;
- you are the victim of identity theft and place a fraud alert in your file;
- your file contains inaccurate information as a result of fraud;
- you are on public assistance;
- you are unemployed but expect to apply for employment within 60 days.

In addition, all consumers are entitled to one free disclosure every 12 months upon request from each nationwide credit bureau and from nationwide specialty consumer reporting agencies. See www.consumerfinance.gov/learnmore for additional information.

**You have the right to ask for a credit score.** Credit scores are numerical summaries of your creditworthiness based on information from credit bureaus. You may request a credit score from consumer reporting agencies that create scores or distribute scores used in residential real property loans, but you will have to pay for it. In some mortgage transactions, you will receive credit score information for free from the mortgage lender.

**You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous. See www.consumerfinance.gov/learnmore for an explanation of dispute procedures.

**Consumer reporting agencies must correct or delete inaccurate, incomplete, or unverifiable information.** Inaccurate, incomplete or unverifiable information must be removed or corrected, usually within 30 days. However, a consumer reporting agency may continue to report information it has verified as accurate.

**Consumer reporting agencies may not report outdated negative information.** In most cases, a consumer reporting agency may not report negative information that is more than seven years old, or bankruptcies that are more than 10 years old.

**Access to your file is limited.** A consumer reporting agency may provide information about you only to people with a valid need — usually to consider an application with a creditor, insurer, employer, landlord, or other business. The FCRA specifies those with a valid need for access.

**You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent given to the employer. Written consent generally is not required in the trucking industry. For more information, go to www.consumerfinance.gov/learnmore.

**You may limit "prescreened" offers of credit and insurance you get based on information in your credit report.** Unsolicited "prescreened" offers for credit and insurance must include a toll-free phone number you can call if you choose to remove your name and address from the lists these offers are based on. You may opt-out with the nationwide credit bureaus at 1 888 5OPTOUT (1 888 567 8688).

**You may seek damages from violators.** If a consumer reporting agency, or, in some cases, a user of consumer reports or a furnisher of information to a consumer reporting agency violates the FCRA, you may be able to sue in state or federal court.

**Identity theft victims and active duty military personnel have additional rights.** For more Information, visit www.consumerfinance.gov/learnmore.

Consumers Have The Right To Obtain A Security Freeze

You have a right to place a 'security freeze' on your credit report, which will prohibit a consumer reporting agency from releasing information in your credit report without your express authorization. The security freeze is designed to prevent credit, loans, and services from being approved in your name without your consent. However, you should be aware that using a security freeze to take control over who gets access to the personal and financial information in your credit report may delay, interfere with, or prohibit the timely approval of any subsequent request or application you make regarding a new loan, credit, mortgage, or any other account involving the extension of credit.

As an alternative to a security freeze, you have the right to place an initial or extended fraud alert on your credit file at no cost. An initial fraud alert is a 1-year alert that is placed on a consumer's credit file. Upon seeing a fraud alert display on a consumer's credit file, a business is required to take steps to verify the consumer's identity before extending new credit. If you are a victim of identity theft, you are entitled to an extended fraud alert, which is a fraud alert lasting 7 years.

A security freeze does not apply to a person or entity, or its affiliates, or collection agencies acting on behalf of the person or entity, with which you have an existing account that requests information in your credit report for the purposes of reviewing or collecting the account. Reviewing the account includes activities related to account maintenance, monitoring, credit line increases, and account upgrades and enhancements.

**States may enforce the FCRA, and many states have their own consumer reporting laws. In some cases, you may have more rights under state law. For more information, contact your state or local consumer protection agency or your state Attorney General. For more information about your federal rights, contact:**

| FOR QUESTIONS OR CONCERNS REGARDING: | PLEASE CONTACT: |
|---|---|
| **1.a.** Banks, savings associations, and credit unions with total assets of over $10 billion and their affiliates. | **a.** Bureau of Consumer Financial Protection 1700 G Street NW Washington, DC 20552 |
| **b.** Such affiliates that are not banks, savings associations, or credit unions also should list in addition to the Bureau: | **b.** Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357 |
| **2.** To the extent not included in item 1 above: <br><br> **a.** National banks, federal savings associations, and federal branches and federal agencies of foreign banks <br><br> **b.** State member banks, branches and agencies of foreign banks (other than federal branches, federal agencies, and insured state branches of foreign banks), commercial lending companies owned or controlled by foreign banks, | **a.** Office of the Comptroller of the Currency Customer Assistance Group 1301 McKinney Street, Suite 3450 Houston, TX 77010-9050 |

and organizations operating under section 25 or 25A of the Federal Reserve Act

**c.** Nonmember Insured banks, Insured State Branches of Foreign Banks, and insured state savings associations

**d.** Federal Credit Unions

**b.** Federal Reserve Consumer Help Center
PO Box 1200
Minneapolis, MN 55480

**c.** FDIC Consumer Response Center
1100 Walnut Street, Box #11
Kansas City, MO 64106

**d.** National Credit Union Administration Office of Consumer Protection (OCP) Division of Consumer Compliance and Outreach (DCCO)
1775 Duke Street
Alexandria, VA 22314

**3.** Air carriers

Asst. General Counsel for Aviation Enforcement & Proceedings
Aviation Consumer Protection Division
Department of Transportation
1200 New Jersey Avenue SE
Washington, DC

20590

**4.** Creditors Subject to Surface Transportation Board

Office of Proceedings, Surface Transportation Board Department of Transportation 395 E Street, SW Washington, DC 20423

**5.** Creditors Subject to Packers and Stockyards Act

Nearest Packers and Stockyards Administration area supervisor

**6.** Small Business Investment Companies

Associate Deputy Administrator for Capital Access United States Small Business Administration 409 Third Street, SW, 8th Floor Washington, DC 20416

**7.** Brokers and Dealers

Securities and Exchange Commission 100 F St NE Washington, DC

20549

**8.** Federal Land Banks, Federal Land Bank Associations, Federal Intermediate Credit Banks, and Production Credit Associations

Farm Credit Administration 1501 Farm Credit Drive McLean, VA 22102-5090

**9.** Retailers, Finance Companies, and All Other Creditors Not Listed Above

FTC Regional Office for region in which the creditor operates **or** Federal Trade Commission: Consumer Response Center - FCRA Washington, DC 20580 (877) 382-4357

Notification of Rights

- Notification of Rights for California Consumers
- Notification of Rights for Colorado Consumers
- Notification of Rights for Connecticut Consumers
- Notification of Rights for Maryland Consumers
- Notification of Rights for Massachusetts Consumers
- Notification of Rights for Texas Consumers
- Notification of Rights for Vermont Consumers
- Notification of Rights for Washington Consumers

# EXHIBIT R

PO Box 9701
Allen, TX 75013



0000185   01 AB-0-507 **AUTG  BT 1 7892 32203-240083   C01-P001894
KAYLA MUTUNHU



# Your Dispute Results

Report # ▮▮▮▮▮ for Apr 19, 2023



# Hi, Kayla. Welcome to your Dispute Results.

Our reinvestigation of the dispute(s) and/or other request(s) you recently submitted is now complete. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation

In response to your recent request, we are sending you this credit report. Before contacting us, please review this report carefully. If you disagree with an item, you may dispute it. We will process disputes generally by sending your dispute to the furnisher of the information or to the vendor who collected the information from a public record. If we were able to make changes to your credit report based on information you provided, or if you requested the addition of a statement, we have done so. Otherwise, we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute, verify the accuracy of the information, provide us a response to your dispute, and update their records and systems as necessary.

# How to Read Your Results

Deleted - This item was removed from your credit report. Remains - The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Updated (Your results will indicate which one of the following applies.) – a) The information you disputed has been updated. Please review your report for the details. b) The item you disputed has been updated, which may include an update to the disputed information. Please review your report for the details. c) Information on this item has been updated. Please review your report for the details. Verified and Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details. Processed - This item was either updated or deleted. Please review your report for the details.

## Here are your results

### Credit Items
TRANSWORLD SYSTEM INC/94▮▮▮▮▮ Outcome: Verified and Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details.
NATIONAL CREDIT SYSTEMS▮▮▮▮▮ Outcome: Verified and Updated - The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details.

## Dispute Results (Continued)

### Before Dispute

**TRANSWORLD SYSTEM INC/94** Partial Acct # ▮▮▮▮▮▮
PO BOX 15095 WILMINGTON DE 19850; (877) 865 7686

Status (Jul 2022) Collection account. $550 past due as of Mar 2023.

| | | |
|---|---|---|
| **Date opened** Jul 2022 | **Terms** 1 Months | **Recent balance** $550 as of Mar 2023 |
| **Address ID #** 0923843198 | **Monthly payment** Not reported | **This account is** scheduled to continue on record until May 2028. |
| **Original creditor** KATHLEEN POINTE | **Credit limit or original amount** $550 | **Comment** Account previously in dispute - investigation complete, reported by data furnisher |
| **Type** Collection | **High balance** Not reported | |
| **Responsibility** Co-signer with | | **Comment:** Affected by natural or declared disaster. |
| MICHAEL ALPUIN | | |

**Payment history: Sep 2022 - Mar 2023**

JAN FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC
2023
2022

Account History:

| | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 |
|---|---|---|---|---|---|---|
| Account Balance | $550 | $550 | $550 | $550 | $550 | $550 |
| Date Payment Received | | | | | | |
| Scheduled Payment | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data |

**Comment History**
Account previously in dispute - investigation complete, reported by data furnisher| Feb 2023 - Oct 2022
Affected by natural or declared disaster | Feb 2023 - Sep 2022
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act) | Sep 2022

### After Dispute

**TRANSWORLD SYSTEM INC/94** Partial Acct # ▮▮▮▮▮▮
PO BOX 15095 WILMINGTON DE 19850; (877) 865 7686

Status (Jul 2022) Collection account. $550 past due as of Apr 2023.

| | | |
|---|---|---|
| **Date opened** Jul 2022 | **Terms** 1 Months | **Recent balance** Not reported as of Apr 2023 |
| **Address ID #** 0923843198 | **Monthly payment** Not reported | **This account is** scheduled to continue on record until May 2028. |
| **Original creditor** KATHLEEN POINTE | **Credit limit or original amount** $550 | **Comment** Account previously in dispute - investigation complete, reported by data furnisher |
| **Type** Collection | **High balance** Not reported | **Comment:** Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |
| **Responsibility** Co-signer with | | |
| MICHAEL ALPUIN | | **Comment:** Affected by natural or declared disaster. |
| | | This item was updated from our processing of your dispute in Apr 2023. |

**Payment history: Sep 2022 - Apr 2023**

JAN FEB MAR APR MAY JUN JUL AUG SEP OCT NOV DEC
2023 
2022

**Comment History**
Affected by natural or declared disaster | Mar 2023 - Sep 2022

| | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 | Sep22 |
|---|---|---|---|---|---|---|---|---|
| Account Balance | $550 | $550 | $550 | $550 | $550 | $550 | $550 | $550 |
| Date Payment Received | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

The original amount of this account was $550

## Dispute Results (Continued)

### Before Dispute

**NATIONAL CREDIT SYSTEMS** Partial Acct #

PO BOX 312125 ATLANTA GA 31131; (404) 629 9595.

Status (Jul 2022) Collection account. $550 past due as of Apr 2023.

| | |
|---|---|
| **Date opened** Jul 2022 | **Terms** 1 Months |
| **Address ID #** 0063391265 | **Monthly payment** Not reported |
| **Original creditor** WATERVUE AT LONGWOOD APTS | **Credit limit or original amount** $550 |
| **Type** Collection | **High balance** Not reported |
| **Responsibility** Joint with | |

**Recent balance** $550 as of Apr 2023

**This account is** scheduled to continue on record until May 2028.

**Comment** Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

MICHAEL ALPUIN

**Payment history: Oct 2022 – Apr 2023**

|  | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |

**Account History:**

|  | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 |
|---|---|---|---|---|---|---|---|
| Account Balance | $550 | $550 | $550 | $550 | $550 | $550 | $550 |
| Date Payment Received | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Scheduled Payment | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

**Comment History**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). Mar 2023 – Sep 2028.

### After Dispute

**NATIONAL CREDIT SYSTEMS** Partial Acct #

PO BOX 312125 ATLANTA GA 31131; (404) 629 9595.

Status (Jul 2022) Collection account. $550 past due as of Apr 2023.

| | |
|---|---|
| **Date opened** Jul 2022 | **Terms** 1 Months |
| **Address ID #** 0063391265 | **Monthly payment** Not reported |
| **Original creditor** WATERVUE AT LONGWOOD APTS | **Credit limit or original amount** $550 |
| **Type** Collection | **High balance** Not reported |
| **Responsibility** Joint with | |

**Recent balance** Not reported as of Apr 2023

**This account is** scheduled to continue on record until May 2028.

**Comment** Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

This item was updated from our processing of your dispute in Apr 2023.

MICHAEL ALPUIN

**Payment history: Oct 2022 – Apr 2023**

|  | JAN | FEB | MAR | APR | MAY | JUN | JUL | AUG | SEP | OCT | NOV | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2022 | | | | | | | | | | | | |

**Account History:**

|  | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 |
|---|---|---|---|---|---|---|---|
| Account Balance | $550 | $550 | $550 | $550 | $550 | $550 | $550 |
| Date Payment Received | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Scheduled Payment | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

**Comment History**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). Mar 2023 – Sep 2028.

If the reinvestigation does not resolve your dispute, you have the right to add a statement of up to 100 words to your file disputing the accuracy or completeness of the information.

If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to Experian including this information in every credit report we issue about you. You may contact the company that reports the information to us and dispute it directly with them. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly. You may provide us additional information or documents about your dispute to help us resolve it by visiting www.experian.com/upload. You may also mail your information to Experian, P.O. Box 9701, Allen, Texas 75013.

You may file a complaint about Experian or the company reporting the item, with the Consumer Financial Protection Bureau or your State Attorney General's office. If there has been a change to your credit history resulting from our reinvestigation, or if you add a consumer statement, you may request that Experian send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York), or within the last year for any non-employment purpose under the California Investigative Consumer Reporting Agencies Act. If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental. If you request to have your results sent to past recipients of your investigative consumer report, you have the right to designate which entities you wish to receive the updated report and which entities you do not wish to receive the update. If interested, you may also request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of information. For frequently asked questions about your credit report, please visit experian.com/consumerfaqs.

Medical Information

By law, we cannot disclose certain medical information (relating to physical, mental or behavioral health conditions). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

Dispute Results (Continued)

# Payment History Legend

-  Current / Terms met
- Past due 30 Days
- Past due 60 Days
- Past due 90 Days
- Past due 120 Days

- Past due 150 Days
- Past due 180 Days
- Creditor received deed
- Foreclosure proceedings started
- Foreclosure

-  Voluntarily surrendered
- Repossession
- Paid by creditor
- Insurance claim
- Claim filed with government

- Defaulted on contract
- Collection
- Charge-off
- Closed
- No data for this period

# ⚠ Your Potentially Negative Account Activity

The most common items in this section are late payments, accounts that have been charged off or sent to collection, accounts settled for less than full value, and items that may need closer attention, such as transferred accounts.

---

**NATIONAL CREDIT SYSTEMS** Partial Acct #▓▓▓▓
PO BOX 312125 ATLANTA GA 31131; (404) 629.9595

Status (Jul 2022) Collection account: $550
past due as of Apr 2023.

| | | |
|---|---|---|
| **Date opened**<br>Jul 2022 | **Terms**<br>1 Months | **Recent balance**<br>Not reported as of Apr 2023 |
| **Address ID #**<br>0063391Z65 | **Monthly payment**<br>Not reported | This account is scheduled to continue on record until May 2028. |
| **Original creditor**<br>WATERVUE AT LONGWOOD APTS | **Credit limit or original amount**<br>$550 | **Comment**<br>Account information |
| **Type**<br>Collection | **High balance**<br>Not reported | disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |
| **Responsibility**<br>Joint with<br>MICHAEL ALPUIN | | This item was updated from our processing of your dispute in Apr 2023. |

Payment history: Oct 2022 - Apr 2023

JAN  FEB  MAR  APR  MAY  JUN  JUL  AUG  SEP  OCT  NOV  DEC

2023

2022

| | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 |
|---|---|---|---|---|---|---|---|
| **Account Balance** | $550 | $550 | $550 | $550 | $550 | $550 | $550 |
| **Date Payment Received** | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| **Scheduled Payment** | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| **Actual Amount Paid** | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

The original amount of this account was $550

**Comment History**
Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act) | Mar 2023 - Sep 2022

---

**TRANSWORLD SYSTEM INC/94** Partial Acct #▓▓▓▓
PO BOX 15095 WILMINGTON DE 19850; (877) 865 7686

Status (Jul 2022) Collection account: $550
past due as of Apr 2023.

| | | |
|---|---|---|
| **Date opened**<br>Jul 2022 | **Terms**<br>1 Months | **Recent balance**<br>Not reported as of Apr 2023 |
| **Address ID #**<br>0923843198 | **Monthly payment**<br>Not reported | This account is scheduled to continue on record until May 2028. |
| **Original creditor**<br>KATHLEEN POINTE | **Credit limit or original amount**<br>$550 | **Comment**<br>Account information |
| **Type**<br>Collection | **High balance**<br>Not reported | disputed by consumer (Meets requirement of the Fair Credit Reporting Act). |
| **Responsibility**<br>Co-signer with<br>MICHAEL ALPUIN | | **Comment:**<br>Affected by natural or declared disaster. |
| | | This item was updated from our processing of your dispute in Apr 2023. |

Payment history: Sep 2022 - Apr 2023

JAN  FEB  MAR  APR  MAY  JUN  JUL  AUG  SEP  OCT  NOV  DEC

2023

2022

**Comment History**
Affected by natural or declared disaster | Mar 2023 - Sep 2022

---

## Dispute Results (Continued)
### Your Potentially Negative Account Activity (Continued)

| | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 | Sep22 |
|---|---|---|---|---|---|---|---|---|
| Account Balance | $550 | $550 | $550 | $550 | $550 | $550 | $550 | $550 |
| Date Payment Received | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Scheduled Payment Amount | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

The original amount of this account was $550

# 👍 Your Positive Account Activity

These accounts may stay on your credit report for as long as they are open. Closed or paid-off accounts may continue to appear on your report for up to 10 years. Each of the items in this section has a positive payment history, meaning that no delinquencies or derogatory statuses are reported in the displayable payment history.

✔ Great job paying these accounts on time! Payment history is the biggest factor of your credit score.

---

**BANK OF AMERICA, N.A.** Partial Acct # ▓▓▓▓▓▓▓▓     **Status** (Feb 2022) Paid, Closed/Never late.
PO BOX 45144 JACKSONVILLE FL 32232; (800) 215 6195

| Type | Date opened | Address ID # | Credit limit or original | Recent balance | Responsibility |
|---|---|---|---|---|---|
| Auto Loan | Sep 2017 | 0063407157 | amount | Not reported | Joint with WENDOLYN L MUTUNHU |
| **Terms** | **Monthly payment** | **High balance** | $16,226 | | This account is scheduled to continue on record until Feb 2032. |
| 60 Months | Not reported | Not reported | | | |

| | Jan22 | Dec21 | Nov21 | Oct21 | Sep21 | Aug21 | Jul21 | Jun21 | May21 | Apr21 |
|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $2,280 | $2,275 | $2,643 | $2,937 | $3,230 | $3,223 | $2,515 | $3,007 | $4,399 | $4,306 |
| Date Payment Received | 12.23.21 | 12.23.21 | 11.08.21 | 10.06.21 | 08.17.21 | 08.17.21 | 07.19.21 | 06.21.21 | 04.23.21 | 04.23.21 |
| Scheduled Payment Amount | $289 | $289 | $289 | $289 | $289 | $289 | $289 | $289 | $289 | $289 |
| Actual Amount Paid | No Data | $373 | $300 | $300 | No Data | $289 | $300 | $300 | No Data | $300 |

The original amount of this account was $16,226

---

**DISCOVER BANK** Partial Acct # ▓▓▓▓▓▓▓▓     **Status** (Apr 2023) Open/Never late.
PO BOX 30939 SALT LAKE CITY UT 84130; (800) 347 2683

| Type | Date opened | Address ID # | Credit limit or original | Recent balance | Responsibility |
|---|---|---|---|---|---|
| Credit card | Aug 2018 | 0063391265 | amount | Not reported as of Apr | Individual |
| **Terms** | **Monthly payment** | **High balance** | $1,200 | 2023 | |
| Not reported | $35 | $1,104 | | | |

| | Mar23 | Feb23 | Jan23 | Dec22 | Nov22 | Oct22 | Sep22 | Aug22 | Jun22 | May22 | Apr22 | Mar22 | Feb22 | Jan22 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Account Balance | $645 | $199 | $405 | $927 | $813 | $958 | $477 | $650 | $145 | $0 | $304 | $417 | $646 | $937 |
| Date Payment Received | 02.15.23 | 01.18.23 | 01.01.23 | 12.27.22 | 10.24.22 | 09.25.22 | 08.26.22 | 07.28.22 | 06.01.22 | 04.28.22 | 03.29.22 | 02.07.22 | 01.26.22 | 12.23.21 |
| Scheduled Payment Amount | $35 | $35 | $15 | $35 | $35 | $35 | $35 | $35 | $35 | $0 | $35 | $35 | $35 | $35 |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

| | Dec21 | Nov21 | Oct21 | Aug21 | Jul21 | Jun21 | May21 | Apr21 |
|---|---|---|---|---|---|---|---|---|
| Account Balance | $1,408 | $1,021 | $510 | $0 | $191 | $168 | $162 | $320 |
| Date Payment Received | 11.16.21 | 10.15.21 | 09.14.21 | 07.22.21 | 06.21.21 | 05.03.21 | 04.13.21 | 03.18.21 |
| Scheduled Payment Amount | $35 | $35 | $35 | $0 | $35 | $35 | $35 | $35 |
| Actual Amount Paid | No Data | No Data | No Data | No Data | No Data | No Data | No Data | No Data |

Between Apr 2021 and Mar 2023, your credit limit/high balance was $1,200

---

# EXHIBIT S



## EQUIFAX

### CREDIT FILE : April 24, 2023

Confirmation #

Dear MICHAEL ALPUIN:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

* We request that the reporting company verify the accuracy of the information you disputed;

* We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

* We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

**You have a few options:**

* You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains

(Continued On Next Page)
000000480-DISC

Page 1 of 6

3094580030-IEX-0bdc0104000000ad-04242023

medical information related to services provided or medical procedures, then you expressly consent to including this information in every credit report we issue about you.

- You may contact the company that reports the information to us and dispute it directly with them. If you would like written proof about your accounts (such as the original agreement), please contact your creditors directly.

- You may provide us additional information or documents (such as an identity theft report or a letter from the reporting company) about your dispute to help us resolve it by visiting our website https://www.equifax.com/personal/disputes. You may also mail your documents to PO Box 740256, Atlanta GA 30374-0256 or contact us by calling a Customer Representative at (888) EQUIFAX, (888) 378-4329.

- You may contact the Consumer Financial Protection Bureau or your State Attorney General's office about your issue or complaint against Equifax or the company reporting the information.



**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "Deleted", we have removed it from your credit report and taken steps so it does not reappear;
- If an item states "Verified as Reported", the reporting company has certified it is reporting accurately.
- If an item states "Updated", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: The information you disputed has been updated.

Updated disputed account information. Additional account information was also updated: The information you disputed has been updated as well as other information on this item.

Disputed information accurate. Updated account information unrelated to the dispute: The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.

Consumer's dispute not specific. Consumer information verified. Account information updated: Information on your report has been updated.

**The Results Of Our Reinvestigation**

**Collection Agency Information**     (This section includes accounts that have been placed for collection with a collection agency.)

>>>  *We have researched the collection account. Account*██████ *The results are:* WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *STATUS DATE *BALANCE DATE: If you have additional questions about this item please contact  *TRANSWORLD, 2235 MERCURY WAY STE 275, SANTA ROSA, CA 95407-5463 Phone: (800) 771-3708*

**TRANSWORLD SYSTEMS INC**  2235 MERCURY WAY STE 275 SANTA ROSA CA 95407-5463  (800) 771-3708

| Account Number | Date Reported | Date Assigned | Creditor Class | Client Name | Original Amount |
|---|---|---|---|---|---|
|  | 04/2023 | 07/2022 | Rental/Leasing | TRANSWORLD SYSTEMS INC | $550 |

| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

(Continued On Next Page)
000000480-DISC

3094590030-IEX-0bds0104000000ed-04242023

| 04/2023 | Unpaid | 08/2021 | 04/2023 | $550 | | Maker |

ADDITIONAL INFORMATION:
*Consumer Disputes After Resolution.*
*Collection Account*

>>> *We have researched the collection account. Account # -* ▮▮▮ *The results are:* WE HAVE VERIFIED THAT THIS ITEM HAS BEEN REPORTED CORRECTLY. THE FOLLOWING FIELDS HAVE BEEN MODIFIED *ADDITIONAL INFORMATION *STATUS DATE *BALANCE DATE. If you have additional questions about this item please contact. *NATIONALCR, 3750 NATURALLY FRESH BLVD, ATLANTA, GA 30349-2964 Phone: (678) 244-2841*

**NATIONAL CREDIT SYSTEMS INC** *3750 NATURALLY FRESH BLVD ATLANTA GA 303492964 : (678) 244-2841*

| Account Number | | Date Reported | Date Assigned | Creditor Class | Client Name | | Original Amount |
|---|---|---|---|---|---|---|---|
| ▮▮▮▮▮ | | 04/2023 | 07/2022 | Rental/Leasing | NATIONAL CREDIT SYSTEMS INC | | $550 |
| Status Date | Status | Date of 1st Delinquency | Balance Date | Balance Amount | Last Payment Date | Whose Account | |
| 04/2023 | Unpaid | 08/2021 | 04/2023 | $550 | | Joint Account | |

ADDITIONAL INFORMATION:
*Consumer Disputes This Account Information.*
*Collection Account.*



cxrcxxo3 1 bb Eucosen gtDronoGY2ng cxxoxroga scyed Erxxcnono

**Notice to Consumers**

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

(End of Report)
000000490-DISC

3094590030-IEX-0bdc0t04000000ed-04/24/2023

# EXHIBIT T



TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

05/09/2023



Information for Good.

PHXRYP002000332400S057-103819723

KAYLA H. MUTUNHU

Dear KAYLA H. MUTUNHU,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete.  After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1.  Updated your credit report based on the information you provided; OR
2.  Determined that the information you disputed either does not appear on your credit file or already shows the requested status; OR
3.  Determined that the data furnisher had previously verified the reported information.  If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4.  Asked the data furnisher reporting the information you disputed to do all of the following:
    • Review relevant information we sent them, including any provided documents
    • Investigate your dispute and verify whether the information they report is accurate
    • Provide us a response to your dispute and update any other information
    • Update their records and systems, if necessary;

Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact TransUnion.

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully.  To view a full copy of your credit report and for more information about how to read your credit report, please visit www.transunion.com/fullreport.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results.**



File Number:
Date Issued: 05/09/2023

Page 2 of 6

## A Note on Credit Report Updates

Information in your credit report is updated frequently which means items you disputed may not appear on your credit report or have already changed by the time we received your dispute. In most cases, the **Date Updated** represents the last time the account information was updated or reported by the data furnisher. Please note that this date may not change following our investigation of your dispute. For **Payment Received** and **Last Payment Made**, please keep in mind, the data may not represent very recent payment activity.

If information was removed or updated as a result of your dispute, the "Your Investigation Results" section below will note that an update was made. An update can include a change to the information or the removal of the information entirely from your credit file. For example, if a field was removed as a result of your dispute, the description will indicate that a change was made to that field. If information was removed, it will no longer appear in the account details.

## Definitions

For your reference, here are some definitions to help you understand **Your Investigation Results.**

### For ACCOUNTS:

| | |
|---|---|
| **Balance:** The balance owed as of the date the account was verified or reported | **Original Charge Off:** If applicable, the amount charged off due to non-payment of the account |
| **Credit Limit:** The maximum amount of credit approved by the creditor on the account | **Past Due:** The amount past due as of the date the account was verified or reported |
| **Date Opened:** The date the account was Opened | **Pay Status:** The current status of the account; how you are currently paying. For accounts that have been paid and closed, sold, or transferred, it represents the last reported status of the account. |
| **High Balance:** The highest amount ever owed on an account | **Remarks:** If applicable, the creditor may provide additional information here related to the account |
| **Last Payment Made:** The date the creditor received the last payment on the account | **Responsibility:** The type of contractual ownership (individual, joint, authorized user, etc.) of the account |
| **Maximum Delinquency:** If applicable, the maximum amount past due before an account becomes a charge-off or a collection account | **Terms:** The monthly payment amount or monthly minimum payment due on the account |

## Historical Trended Data

Accounts on your credit report may include historical account information, which TransUnion has collected from account updates provided by your creditor for up to 30 months. On your credit report, this historical trended data may have appeared in a grid below each account along with information reflecting the timeliness of your payments and may include the following data: Date Updated, Balance, Amount Due, Amount Paid, Past Due, Credit Limit, High Balance and Remarks.

Please note: Once an account is disputed, the historical trended data is removed from your credit file and will not be displayed on these results. However, the rating information reflecting the timeliness of your payments will remain and reflect any updates provided by the creditor, if applicable.



File Number.
Date Issued·    05/09/2023          Page 3 of 6

## Rating Key

Your accounts may also include up to 84 months of rating information. Some creditors report the timeliness of
your payments each month in relation to your agreement with them. The ratings in the key below describe the
payments that may be reported by your creditors.  This rating key will help you understand any updates to
your PAYMENT HISTORY, if applicable to YOUR INVESTIGATION RESULTS. Any rating that is shaded or
any value in the account detail appearing with brackets (> <) may indicate that it is considered adverse.

| N/R | [ X ] | OK | [30] | [60] | [90] | [120] | COL | VS | RPO | C/O | FC |
|-----|-------|-----|------|------|------|-------|-----|-----|-----|-----|-----|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

File Number: 
Date Issued: 05/09/2023

Page 4 of 6

## TransUnion Credit Score

KAYLA H. MUTUNHU

YOUR CREDIT SCORE



| Your Score & Grade | Score & Grade Range | Where You Rank |
|---|---|---|
| Score **Not Purchased** (See Below) Grade - Created on 05/09/2023 | Unavailable (See Below) | Unavailable (See Below) |
| Based on your TransUnion credit report, this is a depiction of your creditworthiness. | The numerical score ranges from 850 to 300 equaling grade ranges from A to F. | Your credit ranks higher than --% of the nation's population. |

### Summary

You did not order a TransUnion credit score. You can purchase your credit score for $9.95 by calling 1-866-SCORE-TU or 1-866-726-7388.

File Number: 
Date Issued: 05/09/2023

Page 5 of 6

## Your Investigation Results

INVESTIGATION RESULTS - VERIFIED AS ACCURATE AND UPDATED: The disputed item(s) was verified as accurate; however, other information has also changed.

**NATIONAL CREDIT SYSTEMS** #████* ( PO BOX 312125, ATLANTA, GA 31131-2125, (404) 629-9595 )
We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: Date Updated. Here is how this account appears on your credit report following our investigation.

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 07/19/2022 | Balance: | $550 | Pay Status: | >In Collection< |
| Responsibility: | Joint Account | Date Updated: | 04/25/2023 | Date Closed: | 04/14/2023 |
| Account Type: | Open Account | Original Amount: | $650 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | WATERVUE AT LONGWOOD APTS (Rental/Leasing) | | |
| | | Past Due: | >$550< | | |

Remarks: ACCT INFO DISPUTED BY CONSUMR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2028

**TRANSWORLD SYSTEMS** #████*** ( PO BOX 15095, WILMINGTON, DE 19850, (877) 865-7686 )
We investigated the information you disputed and the disputed information was **VERIFIED AS ACCURATE**; however, we updated: Date Updated; Remarks. Here is how this account appears on your credit report following our investigation.

| | | | | |
|---|---|---|---|---|
| Placed for collection: | 07/07/2022 | Balance: | $550 | Pay Status: | >In Collection< |
| Responsibility: | Co-Signer on Account | Date Updated: | 05/02/2023 | | |
| Account Type: | Open Account | Original Amount: | $550 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | KATHLEEN POINTE (Rental/Leasing) | | |
| | | Past Due: | >$550< | | |

Remarks: ACCT INFO DISPUTED BY CONSUMR; AFFCTD BY NTRL/DCLRD DISASTR; >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 07/2028

File Number:           Page 6 of 6
Date Issued:    05/08/2023

In the preceding pages we have provided details on the results of our investigation. **If our investigation has not resolved your dispute, here's what you can do next:**

- **Add a 100-word statement to your report.** What this means is that you have the right to send us a note of 100 words or less describing your situation or why you disagree with the results, and we will add this statement to your report. Anyone who views your report will see this statement. Please know that if you include any medical information in your statement, this means you're giving TransUnion permission to include that information in any future credit report we issue on your behalf.
- **Dispute directly with the company that reported the information to us.** If you want changes made to information found on your credit report you may dispute with the company that reported it using the contact information listed in **Your Investigation Results.**
- **Provide to us any other information or documents about your dispute.** Please visit www.transunion.com/dispute and let us know you are filing a repeat dispute. Be sure to include any other information or documentation you feel will help us resolve your dispute.
- **File a complaint** about the company reporting the account or about TransUnion with the Consumer Financial Protection Bureau (www.consumerfinance.gov/complaint) or with your State's Attorney General's office.

If there has been a change to your credit report as a result of our investigation, or if you have added a statement to your report, **you may ask TransUnion to send an updated credit report** to those who have received your report within the last 2 years for employment purposes or within the last 6 months (or 1 year, where applicable) for any other purpose.

A Note on Inquiries

An inquiry is posted on your credit report to notify you that a company has requested your report. Companies can only request a credit report for a legitimate business reason (called permissible purpose). Examples of permissible purpose include: credit transactions, employment consideration, review or collection of an existing account or other legitimate business need, insurance underwriting, government licensing, rental application or court order. Inquiries stay on your credit report for up to two (2) years. Each company that requested your credit report will be listed in the section on inquires, along with their contact information. Please note, a company doesn't always need your authorization to view your credit report as long as they have a permissible purpose. If you think an inquiry was made without a permissible purpose, we strongly encourage you to reach out to the company who requested your credit report to find out whether they have opened an account in your name. The company can then investigate and if they determine that someone fraudulently applied for credit in your name, they can close that account and send us a letter requesting removal of the inquiry. If you have specific information that the inquiry was made fraudulently, you can also call our Fraud Victim Assistance department at 800-680-7289.

## Should You Wish to Contact TransUnion

Please have your TransUnion **FILE NUMBER** available. Your unique **FILE NUMBER** is located at the top of each page of this correspondence.

Online:

To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For more information please visit our Frequently Asked Questions page at
http://transunion.com/consumerfaqs

By Mail:
TransUnion
P. O. Box 2000
Chester, PA 19016-2000

By Phone:
(800) 916-8800
You may contact us between the hours of 8:00 AM – 11:00 PM Eastern Time, Monday through Friday, and Saturday through Sunday between the hours of 8:00 AM and 5:00PM Eastern Time, except major holidays.

